

Sales/Customer Service
2127 Espey Court - #208
Crofton, MD 21114
(410) 721-2555
(410) 721-3233 (Fax)

Billing
Lease Payment Center
PO Box 140733
Orlando, FL 32814-0733
(888) 632-7748

## MASTER LEASE AGREEMENT
## OPEN-END LEASE

1. This Master Lease Agreement ("Agreement"), made as of the date set forth below, is by and between The Bancorp Bank ("Lessor"), and STEEL CITY POPS BHAM, LLC _____ ("Lessee").

2. LEASE. In consideration of the mutual covenants and upon the terms and conditions contained in this Agreement, Lessor leases to Lessee and Lessee hires from Lessor each motor vehicle described in one or more Schedules signed by Lessee and added from time to time to this Agreement (each, a "Vehicle") on the terms and conditions in the Schedule and as hereinafter set forth below.

3. TERM. The Term of the Lease shall be listed on the Schedule. It shall commence on the date the Vehicle is delivered to Lessee or Lessee's representative or on the day Lessor pays a dealer or supplier for the Vehicle, whichever occurs first (the "Commencement Date").

4. THE MONTHLY PAYMENT shall be paid on the tenth day of the month for each calendar month during the Term of the Lease. The Lessee's obligation to make Monthly Payments shall continue during any period the Vehicle is inoperable due to mechanical failure, damage, repair, loss, seizure or any other reason.

5. RECONDITIONING AND SALE OF VEHICLE, NET SALE VALUE. Upon return of the Vehicle as provided in Section 7, Lessee authorizes Lessor to spend the sums required for normal reconditioning and inspection of the Vehicle. After reconditioning and inspection, Lessor shall sell the Vehicle on a wholesale bid basis. The sale price for the Vehicle minus the cost of reconditioning and inspection shall equal the Net Sale Value of the Vehicle.

6. TERMINATION VALUE, REFUND DEFICIENCY PAYMENT, AND FINAL SETTLEMENT. The Termination Value of the Vehicle at Lease end shall be listed on the Schedule. If the Vehicle is returned prior to the expiration of the Term, the adjusted termination value shall be the sum of (a) all past due Lease payments and other fees and charges then owed to Lessor (b) the amortized depreciated value of the original value set forth in the Schedule (c) $150.00 documentation/handling charge and (d) 2 regular monthly payments.

   If the Net Sale Value, as defined in Section 5 exceeds the Termination Value, the excess shall be refunded by Lessor to Lessee. If the Net Sale Value is less than the Termination Value, Lessee shall pay the amount of such deficiency to Lessor within ten (10) days after the Lessee receives notification of the amount due from Lessor. Sale of the Vehicle and the refund of any excess or the payment of any deficiency due under this Section 6 shall constitute Final Settlement of the Lease.

7. RETURN OF VEHICLE. Lessee agrees to return the Vehicle to Lessor at the end of the term of the Lease. Lessee agrees to return the Vehicle at Lessee's expense to the Lessor's place of business or such other place as shall be agreed upon between Lessor and Lessee. Lessee agrees to return the Vehicle in good operating condition and working order, free from physical or mechanical damage, except for reasonable wear and tear. Lessee agrees to return with the Vehicle all license plates, the Vehicle registration and all other documents related to ownership or possession of the Vehicle. Lessee further agrees to accurately report to Lessor the correct mileage accumulated on the Vehicle.

8. MONTHLY STATEMENTS OR PAYMENT COUPON BOOKLETS. Prior to the date each Monthly Payment is due except for the first Monthly Payment, Lessor shall render to Lessee a single statement of the Monthly Payment payable for that calendar month. The Monthly Payment shall be paid at the office of Lessor designated in the monthly statement. In lieu of rendering monthly statements, Lessor may elect to issue a coupon booklet, in which case Monthly Payments shall be made by Lessee in accordance with the instructions and on the dates specified in the coupon booklet.

9. EXPENSES, FEES, TAXES, AND OTHER CHARGES. In addition to the Monthly Payment, Lessee agrees to pay: (i) all expenses, fees and taxes incurred in connection with the titling, licensing and registration of the Vehicle, whether disclosed or undisclosed; (ii) all expenses in connection with the possession, use and operation of the Vehicle including but not limited to gasoline, oil, grease, repairs, maintenance, tires, storage, parking, tolls, fines, towing and servicing; (iii) all sales, use, registration, personal property and other taxes related to the Vehicle; and (iv) all fees, expenses and taxes in connection with any re-registration of the Vehicle if the Lessee permanently garages the Vehicle in a locale other than that originally registered. Lessee agrees to reimburse Lessor upon demand for any and all costs covered under this Section 9 which Lessor may pay on Lessee's behalf.

10. LATE PAYMENTS. If Lessee does not make any Monthly Payment or pay any of the charges due under Sections 8 and 9 of this Agreement within ten (10) days after the date on which such Monthly Payments or charges are due, Lessee agrees to pay a single late charge of five percent (5%) of the Monthly Payment. Lessee also agrees to pay all reasonable attorney's fees plus court costs, if the Lease is placed for collection in the hands of an attorney who is not a salaried employee of Lessor.

11. DEPOSIT. Lessee shall deposit with Lessor on the date of the Lease the sum indicated in the Schedule added to this Agreement (the "Deposit") as security for the full and faithful performance by Lessee of all terms, covenants and conditions of the Lease

EXHIBIT A
taobles

evidenced by that Schedule. This sum shall be returned to Lessee at the end of the Term of the Lease or upon termination of the Lease provided that the Lessee has not breached any of the terms, covenants and conditions of the Lease. The Deposit may be applied by Lessor to pay any Monthly Payments past due or to pay any other sums due from Lessee under the terms of the Lease. If Lessee has leased more than one Vehicle from Lessor under this or another Lease, Lessor may, at its option, transfer a Deposit for any Lease after Final Settlement of that Lease if Lessee has ever been delinquent in making any required payments or ever defaulted under the terms and conditions of either Lease.

12. CANCELLATION OF ORDER, DAMAGES. If Lessee shall instruct or otherwise cause Lessor to cancel the order for the Vehicle from any dealer, supplier or manufacturer after the execution of the Schedule, then Lessee shall reimburse the Lessor for any costs associated with the cancellation.

13. DELIVERY OF VEHICLE. The Vehicle shall be delivered to Lessee at the supplying dealer's place of business or at such other place as shall be agreed upon between Lessor and Lessee. If delivery is not made at the supplying dealer's place of business, then delivery of the Vehicle to Lessee shall be made within five (5) days after the Vehicle is delivered to Lessor by the dealer, supplier or manufacturer. Lessor shall have no liability if the dealer, supplier or manufacturer does not deliver the Vehicle to Lessor or to Lessee for whatever reason.

14. NO WARRANTIES. Lessee's acceptance of the Vehicle at the place agreed upon for delivery shall constitute an acknowledgement by Lessee that the Vehicle complies with the specifications for the Vehicle described in any Schedule added to this Lease. **LESSOR MAKES NO WARRANTY OR REPRESENTATION, EITHER EXPRESS OR IMPLIED, AS TO THE DESIGN, CONDITION OR QUALITY OF THE MATERIAL, WORKMANSHIP, MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF THE VEHICLE.**

Lessee agrees that Lessor has no liability to Lessee for any damage or loss caused directly or indirectly by the Vehicle or which results from the condition, maintenance, possession, use or operation of the Vehicle.

15. VEHICLE USE.
    (a) Lessee *shall* not use or allow the use of the Vehicle for any illegal purpose or for the transportation of any material deemed extra hazardous by reason of being explosive or inflammable. Lessee will reimburse Lessor for all damages sustained by Lessor as a result of such use. Lessee will also reimburse Lessor for any Vehicle confiscated by any governmental agency, or other expense incurred as a result thereof, whenever such confiscation or expense is caused by the illegal use of the Vehicle.
    (b) Lessee *shall* not use or allow the use of the Vehicle for towing, pushing or any purpose other than that for which it is designed, nor for the transportation for hire of goods, passengers or animals.
    (c) Lessor shall not be responsible or liable for loss to any goods or other property placed or carried in or on the Vehicle.
    (d) Lessee shall not use or allow the use of the Vehicle outside of the United States without the prior consent of Lessor.

16. VEHICLE OPERATION.
    (a) The Vehicle shall be operated only by a safe, competent and duly licensed driver. If Lessee is an individual, Lessee represents and warrants that Lessee has a valid driver's license issued in Lessee's name by the Department of Motor Vehicles or other appropriate agency of the state in which Lessee resides. If Lessee's driver's license is ever revoked or suspended, Lessee must notify Lessor of this fact in writing within ten (10) days. Upon such an event, Lessor may demand redelivery of the Vehicle upon ten (10) days' notice at Lessor's place of business or at any place agreed upon by Lessor and Lessee. If such an election is made, upon redelivery of the Vehicle, the termination provisions of this Lease shall govern.
    (b) Lessee and any person authorized by Lessee to operate the Vehicle shall be solely responsible for individual fines and penalties for parking, traffic and speeding violations. Should Lessor be required to pay any fine or summons, Lessee shall reimburse Lessor for same upon demand.

17. OWNERSHIP, REGISTRATION AND TITLE.
    (a) This is a contract of leasing only, and Lessee acquires no ownership, title, property rights or interest in or to the Vehicle (or any option therefor), but only the right of possession and use in accordance with the provisions of the Lease.
    (b) The Vehicle shall be registered in the name of Lessor during the term of the Lease and any certificate of title or similar documents shall likewise be in the name of Lessor. Lessor may elect to place title of the Vehicle in the name of a trustee or custodian with the same force and effect as though the Vehicle were titled in the name of Lessor.

18. POSSESSION AFTER THE LEASE HAS ENDED. If Lessee retains possession of the Vehicle after the Term of the Lease has ended, Lessee agrees that all the terms of the Lease shall remain in full force and effect and that Lessor shall continue to charge Lessee the Monthly Payment and any other charges under the Lease. Lessor may elect to reduce the Termination Value of the Vehicle based upon the continued use by Lessee, in any manner which the Lessor deems reasonable. This Section 18 shall not be construed as granting Lessee any right whatsoever to retain possession of the Vehicle after expiration of the Lease, nor as a waiver by Lessor of any of Lessor's rights under the default provisions of the Lease.

19. INSURANCE.
    (a) Lessee agrees to pay for and maintain public liability and property damage insurance for personal injury, death or property damage covered by the Vehicle or its operation, in compliance with applicable law, but in any event not less than One Hundred Thousand Dollars ($100,000) for any one person injured or killed, Three Hundred Thousand Dollars ($300,000) for more than one person injured or killed in any one accident, and Fifty Thousand Dollars ($50,000) for damage to property of others in any one accident.
    (b) Lessee further agrees to pay for and maintain collision insurance on the Vehicle with a One Thousand Dollar ($1,000.00) (or less) deductible and comprehensive coverage insurance including fire and theft with a One Thousand Dollar ($1,000.00) (or less) deductible. Lessee agrees to obtain and maintain any additional insurance coverage required in the state in which the Vehicle is operated.
    (c) Lessee agrees to furnish Lessor with insurance endorsements or other written evidence of the above-required insurance coverage with insurance companies satisfactory to Lessor. Lessor and any other party in interest designated by Lessor shall

Case 19-04687-DSC11　　Doc 36-1　　Filed 12/02/19　　Entered 12/02/19 12:15:10　　Desc Exhibit　　Page 2 of 4

be named as an additional insured and loss payee. Receipt of the written evidence of insurance by Lessor or its authorized agent shall be a condition of delivery of the Vehicle to Lessee. The insurance coverage shall begin on or prior to the date the Vehicle is delivered to Lessee and shall continue in full force until Final Settlement of the Lease. No cancellation or material change in and of the Insurance required under this Section 19 shall be permitted without the prior approval of Lessor upon thirty (30) days advance written notice. If, at any time, notice of cancellation of insurance coverage is given by the carrier, Lessee agrees to deliver the Vehicle to Lessor or Lessor's representative prior to the effective date of cancellation.
  (d) During the investigation, defense or prosecution of any claim or suit arising from possession, use or operation of the Vehicle, Lessee agrees to cooperate fully with the Lessor and the insurance carriers.
  (e) In the event the insurance coverage required under this Section 19 is cancelled, or Lessee is unwilling or unable to obtain such insurance coverage, or Lessee is delinquent in making any premium or other payments required to keep such insurance coverage in effect, Lessor may, at its option, obtain the required insurance coverage or pay any delinquent premium or other payments on Lessee's behalf and Lessee hereby agrees to reimburse Lessor upon demand for any such costs or payments.
20. INDEMNITY.
  (a) Lessee agrees to assume all liability for injury, death and property damage occasioned by the operation, maintenance, use and possession of the Vehicle at all times prior to the termination or expiration of the Lease, redelivery of the Vehicle to Lessor and Final Settlement. Lessor does not assume any liability for any acts or omissions of Lessee or Lessee's drivers, agents or employees. Lessee hereby releases Lessor and agrees to indemnify and hold harmless Lessor and Lessor's agents and employees from any and all claims against Lessor or Lessor's agents and employees of any kind or nature whatsoever arising out of or resulting from the condition (including latent and other defects not readily discoverable) of the Vehicle, or the use or operation of the Vehicle by any person. Lessee agrees to indemnify Lessor for any expenses and legal fees related to such claims. The indemnity and assumptions of liability in this Section 20 shall continue in full force and effect at all times prior to expiration or termination of the Lease, redelivery of the Vehicle to Lessor and Final Settlement.
  (b) Lessor agrees to give Lessee prompt notice of any claim or liability hereby indemnified against.
21. REPAIR, DAMAGE, LOSS, THEFT, DESTRUCTION AND SETTLEMENT THEREFOR.
  (a) Lessee shall bear all risks of damage, loss, theft or destruction, partial or complete, of the Vehicle. Lessee agrees to keep the Vehicle in efficient working order and repair.
  (b) The cost and expense of all replacement parts, repairs or substitution of parts or equipment on the Vehicle shall be borne by Lessee.
  (c) If the Vehicle is lost, stolen, destroyed or damaged beyond repair, Lessee shall promptly notify Lessor and hold the Vehicle or wreckage for disposal. As soon as possible after notice, Lessor shall arrange for the sale of the Vehicle and Final Settlement according to the terms of Sections 5 and 6. If the Vehicle or wreckage is not available to Lessee for redelivery to Lessor, then Lessee shall pay to Lessor the Termination Value of the Vehicle as if the Lessee had returned the Vehicle on the date it was lost, stolen, destroyed or damaged beyond repair. Any insurance proceeds payable from the loss, theft, destruction or damage beyond repair of the Vehicle shall be payable to Lessor and will be offset against the Termination Value to be paid under this Section 21.
  (d) Lessee's obligation to make any payments under this Lease shall continue until Final Settlement.
22. REMOVAL OF VEHICLE. Lessee agrees that the Vehicle will not be permanently removed from the state of Lessee's residence or place of business or operation as indicated in the Lease. Lessee also agrees not to remove the Vehicle temporarily from such state for any period of time or otherwise under such circumstances as would require registration or licensing of the Vehicle in any other state, without the prior written consent of Lessor.
23. NO ABATEMENT OR SET-OFF. Lessee agrees that the sums payable to Lessor under any Section of the Lease shall not be subject to any defense, set-off, counter-claim or recoupment whatsoever by reason of any damage to or loss or destruction of the Vehicle, or by reason of any interruption for whatever cause in the use, operation or possession of the Vehicle.
24. DEFAULT OF LESSEE. Lessee shall be in default under the Lease under any one or more of the following circumstances:
  (a) If Lessee fails to make any payments specified under the Lease;
  (b) If Lessee fails to perform or permits the breach of any of the terms, conditions, covenants or agreements of the Lease;
  (c) If bankruptcy or insolvency proceedings are commenced by or against Lessee, or if Lessee shall make an assignment for the benefit of creditors, or if any action shall be taken against or by Lessee to accomplish any such purpose, or if a receiver of the property or business of the Lessee shall be appointed, or if Lessee has permitted or suffered any distress, attachment, levy or execution to be made or levied against any or all of the property of Lessee;
  (d) If Lessee is in default under any other agreement between Lessee and Lessor;
  (e) If any insurance company cancels any required insurance on the Vehicle or determines that Lessee is an uninsurable risk at standard rates;
  (f) If any other person obtains an interest in the Vehicle including a lien or encumbrance on the Vehicle; or
  (g) Upon the occurrence of any event which Lessor reasonably believes imperils the prospect of full performance or satisfaction of the Lessee's obligations herein.
25. REMEDIES OF LESSOR. If Lessee is in default of the Lease as defined in Section 24, Lessee agrees that Lessor may exercise any or all of the following rights and remedies:
  (a) Cancel the Lease and sell the Vehicle under the terms of Sections 5 and 6;
  (b) Take possession of the Vehicle by lawful means. Once Lessor repossesses the Vehicle, Lessor will hold it free and clear of this Lease and any of Lessee's rights under the Lease;
  (c) Take such action as Lessor may deem necessary and/or appropriate in order to protect, preserve or otherwise safeguard the Vehicle;

(Rev. August, 2017)

01/30/2018 12:00 PM

Case 19-04687-DSC11    Doc 36-1    Filed 12/02/19    Entered 12/02/19 12:15:10    Desc
Exhibit    Page 3 of 4

(d) Call all sums owing under the terms of the Lease immediately due and payable including without limiting any damages, late payments and indemnities provided for under the Lease;
(e) Exercise any right or remedy available at law, equity or otherwise, as a result of Lessee's breach or negligence. Repossession by Lessor and any sale by Lessor of any Vehicle repossessed shall not affect the right of Lessor, and Lessor shall nevertheless have the right, to recover from Lessee any and all damages which Lessor shall have sustained by reason of the breach by Lessee of any of the covenants and terms of this Lease. Lessor's rights and remedies with respect to any of the terms and conditions of the Lease shall be cumulative and not exclusive, and shall be in addition to all other rights and remedies in Lessor's favor; and
(f) **PROCEED TO COLLECT ALL SUMS DUE UNDER THE TERMS OF THIS LEASE, IN WHICH EVENT LESSEE AGREESTO PAY ALL COSTS AND EXPENSES OF COLLECTION INCLUDING LESSOR'S COURT COSTS, ATTORNEY'S FEES AND OTHER COLLECTION EXPENSES; AND LESSEE: (I) AUTHORIZES ANY ATTORNEY CHOSEN BY LESSOR TO APPEAR FOR LESSEE, TO WAIVE THE ISSUANCE AND SERVICE OF PROCESS AND TO CONFESS JUDGMENT AGAINST LESSEE IN FAVOR OF LESSOR FOR SUCH AMOUNTS AS MAY BE UNPAID UNDER THE LEASE PLUS INTEREST, COSTS, EXPENSES AND FEES**; and (ii) Lessee waives all rights under any exemption laws of the State of Delaware or elsewhere and consents to immediate execution on any judgment.

The failure by Lessor at any time to exercise any remedy or right reserved to it, or to require performance of any of the terms or provisions of the Lease, shall not be a waiver of any default under the Lease nor a waiver of any right of Lessor upon Lessee's default nor shall it affect the right of Lessor to enforce the provisions of the Lease thereafter.

26. ASSIGNMENT, TRANSFER, SUBLEASE, PLEDGE. Lessee's interest under the Lease or its right to possession of the Vehicle shall not be transferred by assignment, operation of law or otherwise. Lessee shall not sublet the Vehicle without the prior written consent of Lessor. Lessee shall not pledge, mortgage or otherwise encumber any right or interest it has under the Lease.
27. NOTICE. All notices, requests or consents that either party is required or desires to give the other party shall be in writing signed by or on behalf of the party giving the same, sent by United States registered or certified mail, addressed to the other party, at its respective address stated above or below or such other address as either shall hereafter furnish the other in writing, and shall be effective from the date of receipt, except for such sent by Lessor which shall be effective from the date of mailing. Lessee shall advise Lessor within thirty (30) days of any change in Lessee's address, or any change in the address of the driver of the Vehicle.
28. ENTIRE AGREEMENT. This Agreement and any and all Schedules added hereto constitute the entire agreement between the parties and shall not be amended or altered in any manner except by an instrument in writing executed by both parties and attached hereto.
29. DELAWARE LAW GOVERNS. The Lease shall not be effective unless and until accepted and executed by an officer of Lessor. The Lease and the rights and obligations of the parties hereunder shall be construed, interpreted and determined by the laws of the State of Delaware, where Lessor has its principal place of business.
30. SEVERABILITY. Any provision of the Lease which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and no such prohibition or unenforceability in any jurisdiction shall invalidate such provision in any other jurisdiction.
31. JOINT AND SEVERAL LIABILITY. If more than one Lessee executes the Lease, their obligations under the Lease shall be primary, joint and several.

Dated: 01/30/2018

| LESSEE | STEEL CITY POPS BHAM, LLC | | |
|---|---|---|---|
| | | Signature | |
| ADDRESS | 2821 CENTRAL AVE , STE 109 HOMEWOOD, AL 35209 (205) 401-9393 | Title | |
| | | Signature | |
| | | Title | |
| Signature | [signed] | | |
| Title | Owner | | |
| Signature | | | |
| Title | | LESSOR | The Bancorp Bank |
| Signature | | Signature | [signed] |
| Title | | Title | Jeffrey Barron, Vice President |