UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>STEEL CITY POPS HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-04687-11<br><br>(Jointly Administered) |

**MOTION OF REDMONT PRIVATE DEBT FUND III, L.P.
FOR AUTHORIZATION OF ITS POSTPETITION
EMERGENCY PAYROLL LOAN TO BE ALLOWED
AS AN ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. § 503(b)(1)**

Redmont Private Debt Fund III, L.P., a creditor and party in interest ("Redmont"), respectfully requests that the Court authorize Redmont's postpetition emergency payroll loan, to be allowed as an administrative expense under 11 U.S.C. § 503(b)(1). In support of this motion for such authorization (this "Motion"), Redmont states as follows:

**Introduction[2]**

On November 21, 2019, Steel City Pops Holdings, LLC and the Related Debtors (collectively, the "Debtor" or the "Debtors") filed a motion [Doc No. 20] (the "DIP Motion") requesting that the Court enter *nunc pro tunc* an interim order and a final order,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898) The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Court has entered an Order [Doc No. 28] granting the Motion to Jointly Administer filed by the Debtor and the related debtors [Doc No. 14].

[2] Any capitalized terms not defined in this Introduction shall have the meanings set forth in the body of this Motion.

1

8054626.1

approving and authorizing the Debtor to obtain postpetition financing, use cash collateral, and schedule final hearings as necessary.

On November 27, 2019, the Court entered an Order [Doc No. 31] denying without prejudice the DIP Motion, in part (the "Partial Denial"), specifically as to the relief requested for the Debtor's postpetition payment of Current Employee Compensation and Benefits that were paid, in part, with funds loaned by Redmont under the Emergency Redmont Payroll Loan. The Partial Denial stated that the Debtors may seek such requested relief in a subsequent motion with appropriate legal authority cited for the same or similar relief.

Redmont expects that the Debtors will seek such requested relief in a subsequent motion, as permitted in the Partial Denial of the Debtor's DIP Motion. In the meantime, however, Redmont, as the lender of the Emergency Redmont Payroll Loan, now respectfully requests that the Court authorize the Emergency Redmont Payroll Loan, to be allowable as an administrative expense under 11 U.S.C. § 503(b)(1).

**Procedural History**

1. On November 14, 2019, (the "Petition Date") the Debtor filed its voluntary petition for relief (the "Petition") [Doc. No. 1] under chapter 11 of the Bankruptcy Code with the Clerk of this Court identified as case number 19-04687-DSC11 (the "Bankruptcy").

2. In addition the Debtor's Petition, related entities Steel City Pops B'ham, LLC ("SCP Bham"); Steel City Pops DTX, LLC ("SCP DTX"); Steel City Pops FWTX, LLC ("SCP FWTX") and Steel City Pops LKY, LLC ("SCP LKY"; and collectively with

SCP Bham, SCP DTX, and SCP FWTX, the "<u>Related Debtors</u>") filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code identified as case numbers 19-04689-DSC11, 19-04692-DSC11, 19-04695-DSC11 and 19-04697-DSC11, respectively.

3. The Debtor continues to operate their businesses and manage their properties as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. The Court granted the Debtor's Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief [Doc. No. 14] whereby the Related Debtors' cases are jointly administered with the instant Bankruptcy serving as the main case [Doc. No. 28].

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code §§ 105, 361, 362, 363(c), 364(c)(l)-(3), 364(d), 364(e) and 503(b), in addition to Bankruptcy Rules 2002, 4001 and 9014.

6. No request for the appointment of a trustee or examiner has been made in the Bankruptcy.

7. The Bankruptcy Administrator filed a letter to the Chapter 11 Clerk dated December 8, 2019, stating that a committee of unsecured creditors is not feasible in this case [Doc No 50].

## Relevant Factual Background

8. The Debtor is engaged in the production and sale of gourmet popsicles at several locations in Alabama, Texas, and Kentucky. SCP Holding is the parent company of each of the other Related Debtors.

9. Prior to the Petition Date, Redmont, NobleBank & Trust and ServisFirst Bank (collectively, the "Lenders") each had one or more loans outstanding to SCP Holding, one or more of the Related Debtors and one or more of the entities related to SCP Holding that has not filed for protection under the Bankruptcy Code (the "Non-Debtor Related Entities") secured by various collateral granted by SCP Holding and one or more of the Related Debtors and Non-Debtor Related Entities (collectively, the "Prepetition Loans"). The Prepetition Loans are more particularly described in the DIP Motion.

10. Immediately prior to filing the Bankruptcy, the Debtor provided certain financial information and projections to the Lenders and informed them that the Debtor would be unable to fund its payroll obligations for the payroll to be processed on November 15, 2019 (the "Nov 15 Payroll Obligations"). Given the amount of cash on hand, the Debtor required no less than $60,000.00 to fulfill the balance of the Nov 15 Payroll Obligations.

11. Virtually all of the Debtor's employees are paid on an hourly basis. Accordingly, if the Nov 15 Payroll Obligations had not been met, the Debtor would have lost most, if not all, employees.

12. In light of the urgent need to fund the Nov 15 Payroll Obligations, and after the Bankruptcy's filing, Redmont lent the Debtor $60,000.00 to fund the balance of the Nov 15 Payroll (the "Emergency Redmont Payroll Loan").

13. The Debtor's ability to fund the Nov 15 Payroll Obligations was essential to the Debtor's operation after the Petition Date. Otherwise, the Debtor's operations would grind to a standstill.

### Relief Requested

14. By this Motion, Redmont requests that the Court authorize the Emergency Redmont Payroll Loan as a debt that will be allowable under 11 U.S.C. § 503(b)(1) as an administrative expense.

### Basis for Relief

15. The United States Bankruptcy Court for the Western District of New York recently decided this issue in the case of *In re Reilly*, 542 B.R. 317 (Bankr. W.D.N.Y. 2015). In that case, the debtor borrowed $25,000 postpetition, which the debtor used to pay amounts due to the IRS for prepetition taxes and an outstanding domestic support obligation. *Id.* at 318-19. The debtor did not receive permission from the bankruptcy court to acquire the loan.

16. The debtor then filed a motion requesting *nunc pro tunc* authorization, which the court determined that it lacked authority to grant. *Id. at 318-19 & 320*. However, the court found that the Bankruptcy Code establishes a safe haven under 11 U.S.C. § 364(b), which allows the bankruptcy court to authorize a debt that will be "allowable under section 503(b)(1) as an administrative expense." *Id* at 320. The court observed that Section

364(b) "imposes no negative restraint on the opportunity to establish an entitlement to priority under section 503(b)(1)." *Id.* at 320. In relevant part, section 503 states that "'[a]fter notice and a hearing, there shall be allowed administrative expenses . . . **including**—(1)(A) the actual, necessary costs and expenses of preserving the estate'". *Id.* (citing 11 U.S.C. § 503) (emphasis added) (alteration in original). The court ultimately granted the loan administrative priority, ruling:

> In the context of an unauthorized loan, the allowance of an administrative claim would continue the rule that the Second Circuit Court of Appeals adopted for cases filed under the Bankruptcy Act. Thus, in *Standard Capital Corporation v. Saper*, 115 F.2d 383, 385 (1940), the Court affirmed a ruling that a loan was unauthorized, but held that this determination "is not to be taken as foreclosing the lender upon the question whether its advances may not be treated as administrative expenses . . . ." Thereafter, in a subsequent appeal in the same case, the Circuit Court stated that "we now repeat that an unauthorized loan may receive priority as an expense of administration in unusual circumstances." *In re American Cooler Co.*, 125 F.2d 496, 497 (1942). The Court noted, however, that a priority claim should be allowed only if the judge "is confident that he would have authorized it if a timely application had been made," and in addition, if "he is reasonably persuaded that the creditors have not been harmed by a continuation of the business made possible by the loan."

*Id.*

17. The court reiterated that it lacked authority to retroactively approve the loan, but decided to treat the motion as an application to allow an administrative claim, which it granted as an "actual and necessary cost of preserving the estate." *Id.*

18. In this case, Redmont lent the Debtor $60,000 to fund the balance of the Nov 15 Payroll, in light of the Debtor's urgent need to fund that obligation within 24 hours.

6

8054626.1

The Debtor used the funds advanced by Redmont under the Emergency Redmont Payroll Loan to avoid the Debtor losing most, if not all, of its employees. It is therefore without question that the Emergency Redmont Payroll Loan was used to fund the actual, necessary costs and expenses of preserving the estate.

19. Further, the other Lenders do not object to this requested treatment of the Emergency Redmont Payroll Loan. The Bankruptcy Administrator has stated that a committee of unsecured creditors is not feasible in this case [Doc No. 50], and this Court likely would have authorized the Emergency Redmont Payroll Loan if a timely application had been made. No creditor has been harmed by the continuation of the Debtor's business made possible by the Emergency Redmont Payroll Loan.

WHEREFORE, Redmont respectfully requests that the Court enter an order: (i) authorizing the Emergency Redmont Payroll Loan, to be allowed as an administrative expense under 11 U.S.C. § 503(b)(1); and (ii) granting such further relief as this Court may deem just and proper to authorize the Emergency Redmont Payroll Loan and the Debtor's use of its proceeds, consistent with this Court's concerns articulated in the Partial Denial [Doc No. 31].

Dated: December 9, 2019

/s/ Jesse S. Vogtle, Jr.
Jesse S. Vogtle, Jr.
Paul H. Greenwood
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 251-8100
jvogtle@balch.com
pgreenwood@balch.com
*Attorneys for Redmont Private Debt Fund III, L.P.*

## **CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing has been filed on the Court's CM/ECF system on the 9th day of December, 2019, to all parties receiving electronic notices in this bankruptcy case and via U.S. Mail, postage prepaid to:

U.S. Attorney
1801 4th Ave N
Birmingham, AL 35203

IRS
801 Tom Martin Dr
Birmingham, AL 35211

IRS
PO Box 7346
Philadelphia, PA 19101

AL Dept Revenue
50 North Ripley St
Montgomery, AL 36104

Kentucky Dept Revenue
Legal Support Branch – Bankruptcy
PO Box 5222
Frankfort, KY 40602

Texas Comptroller of Public Accts
Revenue Accounting Div – Bankruptcy Section
PO Box 13528
Capitol Station
Austin, TX 78711

                                  /s/ Jesse S. Vogtle, Jr.
                                      Of Counsel