IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

|  |  |  |
|---|---|---|
| STEEL CITY POPS HOLDING, LLC,<br>et al | ) )<br>) )<br>) | Chapter 11<br>Case No. 19-04687 DSC 11<br>(Jointly Adminsitered) |
| Debtors. | ) | |

---

|  |  |  |
|---|---|---|
| MARK HICKS, PETER BURKE, DAVID<br>HICKS, and MARK HELM, | ) )<br>) | |
| Plaintiffs, | ) )<br>) | |
| v. | ) )<br>) | Adv. Proc. No. _____ -DSC |
| JAMES ALLEN WATKINS, d/b/a<br>STEEL CITY POPS, | ) )<br>) )<br>) | *Removed from the Circuit Court<br>of Jefferson County, Alabama<br>Case No. CV-2019-905127.00* |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Comes now James A. Watkins (the "Defendant") and hereby removes and gives notice of

removal of the above-styled action (the "Action") to the United States Bankruptcy Court for the

Northern District of Alabama, Southern Division, a unit of the United States District Court for the

Northern District of Alabama, pursuant to 28 U.S.C. §§ 1344 and 1452, and Rule 9027 of the

Federal Rule of Bankruptcy Procedure.

## Background and Statement of Grounds for Removal

The Action was initially brought in the Circuit Court of Jefferson County, Alabama (the

"State Court") namely, Civil Case No. CV-2019-905127.00 as commenced in the names of Mark

Hicks, Peter Burke, David Hicks, and Mark Helm (collectively, the "Plaintiffs"). The Action is

[021021-00001/1510029/1]

related to that certain bankruptcy case styled *In re Steel City Pops Holding, LLC*, currently pending in the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court") as case no. 19-04687-DSC-11.

1.  The Plaintiffs commenced the Action on November 21, 2019, by filing that certain Complaint in the State Court.

2.  In the Complaint the Plaintiffs assert various causes of action related to certain loans the Plaintiffs made to the entity "Steel City Pops" *See* Complaint, Exhibits A-C. The funds advanced by each of the Plaintiffs, and upon which the Action is based, were advanced to the one or more of the Debtor entities and were used in the operation of the business of the debtors.

3.  The Plaintiffs are creditors of Steel City Pops Holding, LLC and/or its related debtors (collectively, the "Debtors").

4.  The Debtors are currently debtors pursuant to chapter 11, title 11, United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), having filed voluntary petitions on November 14, 2019 (the "Petition Date").

5.  The Action relates to and is based upon the manner in which the Debtors conducted their business affairs, and the Action further asserts derivate claims that belong to the Debtors' estates for which the Plaintiffs lack standing to pursue.

6.  Accordingly, the Defendant removes this Action to this Court pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

[021021-00001/1510029/1]

The Bankruptcy Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b), which confers jurisdiction over all civil proceedings "arising under title 11, or arising in or related to a case under title 11", and pursuant to the General Order of Reference entered July 16, 1984 as amended July 17, 1984 by the United States District Court for the Northern District of Alabama.

7.     Each claim in the Action is "related to a case under title 11" because such claims are property of the bankruptcy estate and/or are claims against the bankruptcy estate, the prosecution of which could conceivably have an effect on the bankruptcy estate, either by enlarging the estate through a recovery or by diminishing the estate through the expenditure of legal fees. *See, e.g., Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) (observing that a civil proceeding is related to a case under title 11 if it "could conceivably have an effect on the estate being administered in bankruptcy").

8.     Removal is timely in that the Defendant has 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, to file a notice of removal. Fed. R. Bankr. P. 9027(a)(3). The Defendant has not yet been served with process.

9.     Upon removal Defendant consents to entry of final orders or judgment by the Bankruptcy Court.

10.    A copy of all process and pleadings in the Action is attached hereto as collective Exhibit A.

[021021-00001/1510029/1]

WHEREFORE, the Court and parties will please take notice that *Mark Hicks, Peter Burke, David Hicks, and Mark Helm v. James Allen Watkins*, Civil Case No. CV-2019-905127.00, is removed to this Court.

/s/ Daniel D. Sparks
Daniel D. Sparks
Bill D. Bensinger
Attorneys for James A. Watkins

OF COUNSEL:

CHRISTIAN & SMALL, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-250-6670
Email: ddsparks@csattorneys.com
        bdbensinger@csattorneys.com

[021021-00001/1510029/1]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies and affirms that on December 18, 2019, he electronically filed the Notice of Removal with the Clerk of the Court, using the ECF system, which will send an electronic copy of same to all registered parties. The undersigned further certifies and affirms that a copy of the foregoing notice will be served on counsel for the Plaintiff and counsel for the Debtors.

Lee R. Benton
Samuel C. Stephens
Benton & Centeno LLP
2019 Third Ave. North
Birmingham, AL 35203
lbenton@bcsattys.com
sstephens@bcattys.com

*/s/ Daniel D. Sparks*
Daniel D. Sparks

[021021-00001/1510029/1]

# Exhibit A

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Ca:
01

Date of Filing:   Judge Code:
11/21/2019

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARK HICKS ET AL v. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS

First Plaintiff: ☐ Business ☑ Individual     First Defendant: ☐ Business ☑ Individual
☐ Government ☐ Other                          ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
GAR049     11/21/2019 11:56:18 AM     /s/ FREDERICK MOTT GARFIELD
                Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO



ELECTRONICALLY FILED
11/21/2019 11:56 AM
01-CV-2019-905127.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| MARK HICKS, PETER BURKE,<br>DAVID HICKS, and MARK HELM, | )<br>) |
| | ) |
| Plaintiffs, | )<br>) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| JAMES ALLEN WATKINS, an individual,<br>d/b/a STEEL CITY POPS, | )<br>) |
| | ) |
| Defendant. | )<br>) |

**Rule 9(h) Pleading.** There may be other entities whose true identities are unknown to Plaintiffs at this time whom may be legally responsible for the claim(s) set forth in this pleading. Plaintiffs will add these parties by amendment when Plaintiffs learn their true names and identities through further discovery. Until that time, Plaintiffs designate these parties in accordance with ARCP 9(h).

---

## COMPLAINT

---

**COME NOW**, above named plaintiffs, Mark Hicks, Peter Burke, David Hicks, and Mark Helm (hereinafter collectively, "Plaintiffs"), by and through undersigned counsel, and file this Complaint against James Allen Watkins, an individual, d/b/a Steel City Pops, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding as the amount in controversy exceeds District Court jurisdictional limits.

2. Venue in the Jefferson County, Alabama, Circuit Court is appropriate because at least one Plaintiff, Peter Burke, resides and does business in Jefferson County, Alabama and, upon information and belief, Defendant, James Allen Watkins, an individual, d/b/a Steel City Pops, resides and does business in Jefferson County, Alabama.

## FACTUAL BACKGROUND SUPPORTING RELIEF REQUESTED

3.     Defendant, James Allen Watkins, an individual, d/b/a Steel City Pops, upon information and belief, is the sole or a significant participating owner of artificial entities Steel City Pops Holding, LLC, Steel City Pops BHAM, LLC, Steel City Pops DTX, LLC, and Steel City Pops FWTX, LLC, among perhaps other artificial entities.

4.     Defendant, James Allen Watkins, an individual, d/b/a Steel City Pops, holds himself out as the owner and proprietor of "Steel City Pops". Steel City Pops is a food vendor/retailer offering popsicle treats and other dessert-like fare on its food menu. Steel City Pops appears to have business locations in Homewood, Alabama and other greater Birmingham locations.

5.     The holding company of James Allen Watkins, an entity formed as Steel City Pops Holding, LLC, has recently commenced a Chapter 11 bankruptcy filing in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. This lawsuit is not commenced against Steel City Pops Holding, LLC, and therefore is not an act or proceeding in violation of the automatic stay protections that entity is afforded under 11 U.S.C. § 362. This lawsuit alleges direct claims against Defendant, James Allen Watkins, in his individual capacity.

6.     On or before December 15, 2017, Defendant, James Allen Watkins, solicited, either directly or through proxies, and in writing and verbally, loans from all of the named Plaintiffs herein, as well as perhaps others, representing that such solicited loan proceeds would be used for and invested in the business operation of Steel City Pops to improve retail business systems and, among other things, to enlarge its retail and business footprint in greater Birmingham, Alabama and perhaps in outlying areas. Upon information and belief, Defendant, James Allen Watkins,

2

managed all of the business of Steel City Pops, and managed and directed all money raising activities.

7.     In the year 2015, upon Plaintiffs' best recollection(s), Defendant, James Allen Watkins, first solicited of one or more Plaintiffs for loans and/or investment opportunities which Defendant sought, and which loan or investment opportunities were being offered to Plaintiffs to assist with the business expansion and business growth of Steel City Pops.  Such initial and subsequent solicitations took the form, inter alia, of written solicitation.

8.     On various dates during and within the period of 2015 up to and including December 15, 2017, Mark Hicks, Peter Burke, David Hicks, and Mark Helm, based upon Defendant's representations and based upon written materials, collectively gave Defendant, James Allen Watkins d/b/a Steel City Pops, checks totaling, in the aggregate, $650,000.00, in return for which individual promissory notes from "Maker: Steel City Pops Jim Watkins, Owner" were delivered to individual Plaintiffs in respective individual amounts provided by each Plaintiff to Defendant. Again, the stated purpose for these loans as solicited by James Watkins was to improve retail business systems and, among other things, to enlarge the retail and business footprint in greater Birmingham, Alabama and perhaps outlying areas of the Steel City Pops' business operation.  Attached hereto as Exhibits A, B and C are an image of the $100,000.00 check issued by Mark Hicks to Steel City Pops dated December 23, 2015; a promissory note of the same date for $100,000.00 from "Maker: Steel City Pops Jim Watkins, Owner" to Mark Hicks; and a similar promissory note instrument dated December 15, 2017, to the order of Peter Burke from "Maker: Steel City Pops Jim Watkins, Owner".  Other promissory notes relevant hereto shall be submitted at later dates. All of the promissory notes issued by Defendant were to bear interest, compounded annually, at 16% and were to be due and payable in lump-sum payments within 365 days each of

3

the respective issuance of the notes. However, when the notes matured on respective dates, principal and interest was not paid and each of the loans represented by the notes went into default.

9.      Plaintiffs' subsequent investigation(s) revealed that Defendant acquired Plaintiffs' loan proceeds totaling, in the aggregate, $650,000.00, by falsely representing business plans and projections and intended use of proceeds and repayment schedules, and by secreting the depth and extent of Defendant's financial distress and that of the Steel City Pops' business operations. Plaintiffs also discovered that, generally, Defendant has suppressed factual information, even upon direct inquiry, which Defendant had a duty to disclose given circumstances of Defendant's dealings with Plaintiffs and the solicitation by Defendant of Plaintiffs' loan proceeds or investment in Steel City Pops.

10.      It is the position of Plaintiffs that Defendant failed to utilize or invest Plaintiffs' aggregate loan proceeds in the amount of $650,000.00 as agreed; falsely represented Steel City Pops' business condition, business plans and expanding footprint plans, the status of any expansion efforts or of Steel City Pops' asset condition; and has failed to repay the Plaintiffs' aggregate $650,000.00 investment, or any portion of it. Moreover, Defendant misrepresented material facts in order to obtain $650,000.00 in loan and investment proceeds and has failed to repay the same.

## COUNT I – BREACH OF CONTRACT

11.      Plaintiffs adopt and incorporate by reference the allegations set forth above.

12.      Through his default in paying the amounts due under the terms of Plaintiffs' promissory notes, Defendant has breached his contractual obligation to Plaintiffs, individually and collectively.

4

13.     Plaintiffs have been damaged by this breach in a liquidated principal amount of $650,000.00, plus interest accruing and presently unpaid at the rate of 16% per contract, plus any unpaid other fees and plus contractual and statutory attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, accrued interest, costs and attorneys' fees.

### COUNT II – LIS PENDENS NOTICE

14.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

15.     Defendant is liable to Plaintiffs for egregious and damaging conduct consisting of, inter alia, breach of contract, unjust enrichment, fraudulent misrepresentation, and violations of the Alabama Securities Act.

16.     Plaintiffs assert herein the right to record *lis pendens* notice in the Probate Court records maintained for Jefferson County, Alabama, providing notice that Plaintiffs intend to obtain judgment against Defendant and to record any certificate of judgment issued in the probate and real estate records of Jefferson County, Alabama.

### COUNT III – UNJUST ENRICHMENT

17.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

18.     Defendant has directly benefited, and has been unjustly enriched, through receipt of funds under the loans that Defendant has wrongfully obtained from Plaintiffs in the aggregate amount of $650,000.00, for which Defendant is liable to Plaintiffs in said amount.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, accrued interest, costs and attorneys' fees.

### COUNT IV – FRAUDULENT MISREPRESENTATION

19.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

20. The Defendant is liable to Plaintiffs for fraudulent misrepresentations to Plaintiffs because the Defendant misrepresented material facts to Plaintiffs regarding Plaintiffs' aggregate $650,000.00 loan. Plaintiffs reasonably relied on the misrepresentations; and Plaintiffs were damaged as a proximate consequence of the misrepresentations.

21. The Defendant's misrepresentations included, but were not limited to, that Steel City Pops was pursuing an expansion of its retail business footprint by virtue of pursuing the opening of new stores in further enhancement of existing business operation; that all of the loan and/or investor proceeds made the subject of Plaintiffs' claims would be directly utilized in such business improvement efforts; that Plaintiffs' total loan proceeds of $650,000.00 would be repaid, respectively, in 365 days' time from each Plaintiffs' note date; that Steel City Pops' growth and business progress was progressing as planned; Steel City Pops' financial status.

22. These misrepresentations and/or omissions were material because had Plaintiffs known the truth, Plaintiffs would not have loaned in the aggregate $650,000.00.

23. The Defendant personally made these misrepresentations in order to induce all Plaintiffs to loan amounts totaling $650,000.00.

24. Plaintiffs simply relied on the Defendant's material misrepresentations and/or omissions.

25. As a proximate result of Defendant's misrepresentations, Plaintiffs were induced to loan in the aggregate $650,000.00 to Defendant and Plaintiffs were harmed as a proximate consequence of the misrepresentation because neither the Defendant nor any of his entities repaid the $650,000.00 in loan proceeds.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, costs and attorneys' fees.

## COUNT V – ALABAMA SECURITIES ACT: FAILURE TO REGISTER

26.     Plaintiffs adopt and incorporate by reference the allegations set forth above. The money invested by Plaintiffs with Defendant and characterized as individual loans was a security, as defined in Ala. Code § 8-6-2(10), because it was an investment in an existing venture or proprietorship premised on a reasonable expectation of business profits to be derived, in significant part, from the entrepreneurial or managerial efforts of someone other than the lenders or investors.

27.     The Defendant was a dealer of securities, as defined in Ala. Code § 8-6-2(3), because Defendant was engaged in the business of effecting transactions that could be characterized as securities for the account of others.

28.     The Defendant had a duty, under Ala. Code §§ 8-6-3 and 8-6-4, to register as a securities dealer and to register Plaintiffs' investments, as a security. The Defendant breached these duties violating the Alabama Securities Act by failing to do either.

29.     Because the Defendant sold securities to Plaintiffs in violation of the requirements of the Alabama Securities Act, Plaintiffs are entitled to recover under Ala. Code § 8-6-19 "the consideration paid for the security, together with interest at six percent (6%) per year from the date of payment, court costs and reasonable attorneys' fees, less the amount of any income received on the security" from the Defendant.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, plus all applicable interest accruing from the time of payment of the consideration, plus court costs, and reasonable attorneys' fees.

## COUNT VI – ALABAMA SECURITIES ACT: FRAUD

30.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

31.     The Defendant had a legal duty, under Alabama Code § 8-6-17, to not do any of the following in connection with offer of sale of securities:

(1)     Employ any device, scheme, or artifice to defraud;
(2)     Make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
(3)     Engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Ala. Code § 8-6-17.

32.     In his efforts to convince Plaintiffs to lend money to and invest in Defendant and Steel City Pops, the Defendant misrepresented, among other things, the financial and business operational status of Steel City Pops; the truth of plans to grow the footprint of Steel City Pops; the precarious financial condition of Steel City Pops; the ability of Defendant and Steel City Pops to repay significant loan proceeds; and Defendant James Watkins' propensity for lavishness.

33.     The Defendant had a duty under the Alabama Securities Act to make true statements regarding all of the foregoing misrepresentations.

34.     The Defendant's misrepresentations and/or omissions were material because had Plaintiffs known the truth, Plaintiffs would not have invested and committed loan proceeds with Defendant in Steel City Pops.

35.     Because of the Defendant's misrepresentations, and failure to disclose material facts, Plaintiffs were induced to lend and invest $650,000.00, which loans and investments carried significant potential for future income, and which was at the risk of other opportunity costs.

36.     The Defendant's misrepresentations and omissions were made in connection with the sale of securities.

37.     Plaintiffs reasonably relied on the Defendant's material misrepresentations and/or omissions.

8

38.     Under Ala. Code § 8-6-19, Plaintiff is entitled to recover "the consideration paid for the security, together with interest at six percent (6%) per year from the date of payment, court costs and reasonable attorneys' fees, less the amount of any income received on the security" from the Defendant because of the Defendant's violation of his legal duties created by the Alabama Securities Act.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, plus interest accruing from the time of payment of the consideration at a rate of six percent (6%) per annum, plus court costs, and reasonable attorneys' fees.

## COUNT VII – CIVIL CONSPIRACY WITH UNKNOWN CONSPIRATORS

39.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

40.     Plaintiffs reserve the right to add additional parties by amendment when Plaintiffs learn the true names and identities through further discovery.

41.     Plaintiffs reserve the right to add a cause of action under Count VII for Civil Conspiracy with Unknown Conspirators.

## COUNT VIII – COMMON LAW FRAUDULENT SUPPRESSION IN CONNECTION WITH THE SALE OF A SECURITY

42.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

43.     The Defendant is liable to Plaintiffs for common law fraudulent suppression in relation to his sale of securities because the Defendant had a duty to disclose material facts related to his sale of securities to Plaintiffs.

44.     The Defendant concealed or failed to disclose the material facts; this concealment or failure to disclose induced Plaintiffs to act or to refrain from acting; and the Defendant's action resulted in harm to Plaintiffs.

9

45.     These misrepresentations and omissions were material because had Plaintiffs known the truth, Plaintiffs would not have invested.

46.     This failure to disclose induced Plaintiffs to invest an aggregate $650,000.00 in and with Defendant and Steel City Pops.

47.     The Defendant had a duty to disclose these facts to Plaintiffs because of the relationship amongst the parties, the Defendant's superior knowledge of the facts, and the value of these facts to a potential investor such as Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, plus interest accruing from the time of payment of the consideration at a rate of six percent (6%) per annum, plus court costs, and reasonable attorneys' fees.

## COUNT IX – COMMON LAW INTENTIONAL FRAUDULENT MISREPRESENTATION IN CONNECTION WITH THE SALE OF A SECURITY

48.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

49.     Defendant is liable to Plaintiffs for common law intentional fraudulent misrepresentation in relation to a sale of securities to Plaintiffs because Defendant (1) misrepresented material facts to Plaintiffs' investment(s); (2) with the intent to deceive Plaintiffs; (3) Plaintiffs reasonably relied on the misrepresentations; and (4) Plaintiffs were damaged as a proximate result of the misrepresentations.

50.     The Defendant's misrepresentations included, but were not limited to, the financial and business operational status of Steel City Pops; the truth of plans to grow the footprint of Steel City Pops; the precarious financial condition of Steel City Pops; the ability of the Defendant and Steel City Pops to repay the significant loan proceeds; and Defendant James Watkins' propensity for lavishness.

51.     These misrepresentations and/or omissions were material because had Plaintiffs known the truth, Plaintiffs would not have invested.

52.     The Defendant's misrepresentations and omissions were made in connection with the sale of securities.

53.     The Defendant made the misrepresentations with the intent to deceive Plaintiffs in order to induce Plaintiffs to invest.

54.     Plaintiffs reasonably relied on Defendant's material misrepresentations and/or omissions.

55.     As a proximate result of Defendant's misrepresentations, Plaintiffs were induced to invest the aggregate of $650,000.00 in Defendant and Steel City Pops and Plaintiffs were harmed as a proximate consequence of the misrepresentations because Plaintiffs have lost in the scheme $650,000.00.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, plus interest and costs.

## COUNT X – COMMON LAW NEGLIGENT FRAUDULENT MISREPRESENTATION IN CONNECTION WITH THE SALE OF A SECURITY

56.     Plaintiffs adopt and incorporate by reference the allegations set forth above.

57.     The Defendant is liable to Plaintiffs for common law negligent fraudulent misrepresentation in relation to his sale of securities to Plaintiffs because Defendant negligently misrepresented material facts to Plaintiffs regarding Plaintiffs' investment(s) in Steel City Pops. Plaintiffs' reasonable reliance on the misrepresentations; and Plaintiffs were damaged as a proximate consequence of the misrepresentations.

58.     The Defendant's misrepresentations included, but were not limited to, the financial and business operational status of Steel City Pops; the truth of plans to grow the footprint of Steel

11

City Pops; the precarious financial condition of Steel City Pops; the ability of the Defendant and Steel City Pops to repay the significant loan proceeds; and Defendant James Watkins' propensity for lavishness.

59.     These misrepresentations and/or omissions were material because had Plaintiffs known the truth, Plaintiffs would not have invested.

60.     The Defendant's misrepresentations and omissions were made in connection with the sale of securities.

61.     The Defendant negligently made these misrepresentations in order to induce Plaintiffs to invest in Steel City Pops.

62.     Plaintiffs reasonably relied on Defendant's material misrepresentations and/or omissions.

63.     As a proximate result of Defendant's misrepresentations, Plaintiffs were induced to invest the aggregate of $650,000.00 and Plaintiffs were harmed as a proximate consequence of the misrepresentations because Plaintiffs have lost their entire investment.

WHEREFORE, Plaintiffs demand judgment against the Defendant for $650,000.00, plus interest and costs.

Dated this 21st day of November, 2019.

Respectfully submitted,

/s/ Frederick M. Garfield
Frederick M. Garfield (GAR049)
Attorney for Mark Hicks, Peter Burke,
David Hicks, and Mark Helm

12

OF COUNSEL:

Spain & Gillon
1200 Financial Center
505 20th Street North
The Financial Center
Birmingham, AL 35203
Tel: (205) 581-6259
Email: fgarfield@spain-gillon.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL-RETURN RECEIPT REQUESTED:**

James Allen Watkins
5010 Cahaba Valley Trace
Birmingham, AL 35242

# EXHIBIT A

E*TRADE FINANCIAL - Banking

https://bankus.etrade.com/e/t/bank/checkimageprint?AccountId=



# EXHIBIT B

# STEELCITYPOPS

## PROMISSORY NOTE

**FOR VALUE RECEIVED**, the undersigned, (the "Maker") hereby promises to pay to the order of Mark Hicks ("Payee"), the principal sum of $100,000 pursuant to the terms and conditions set forth herein.

**PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") and accrued but unpaid interest shall be due and payable in one lump sum payment on December 23rd 2016.

**INTEREST.** This Note shall bear interest, compounded annually, at 16 percent.

**PREPAYMENT.** The Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty. All payments will be first applied to unpaid interest and then principal. If payments are made against principal, then the interest rate will be applied to the unpaid principal, to be updated on a daily basis.

**REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively or together, in the sole discretion of the Payee.

**SUBORDINATION.** The Maker's obligations under this Promissory Note are subordinated to all indebtedness, if any, of Maker, to any unrelated third party lender to the extent such indebtedness is outstanding on the date of this Note and such subordination is required under the loan documents providing for such indebtedness.

**WAIVERS BY MAKER.** All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

**EXPENSES.** In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal and interest hereunder, reasonable attorney's fees not exceeding a sum equal to 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by Payee in exercising any of its rights and remedies upon default.

**GOVERNING LAW.** This Note shall be governed by and construed in accordance with the laws of the State of Alabama.

**SUCCESSORS.** All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.

**IN WITNESS WHEREOF**, Maker has executed this Promissory Note as of the day and year written below.

Maker: Steel City Pops
Jim Watkins, Owner

December 23, 2015

# EXHIBIT C

# STEELC*TYPOPS

## PROMISSORY NOTE

**FOR VALUE RECEIVED,** the undersigned, (the "Maker"), hereby promises to pay to the order of Peter Burke ("Payee"), the principal sum of $100,000 pursuant to the terms and conditions set forth herein.

**PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") and accrued but unpaid interest shall be due and payable in one lump sum payment on December 15th, 2018.

**INTEREST.** This Note shall bear interest, compounded annually, at 16 percent.

**PREPAYMENT.** The Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty. All payments will be first applied to unpaid interest and then principal. If payments are made against principal, then the interest rate will be applied to the unpaid principal, to be updated on a daily basis.

**REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Payee.

**SUBORDINATION.** The Maker's obligations under this Promissory Note are subordinated to all indebtedness, if any, of Maker, to any unrelated third party lender to the extent such indebtedness is outstanding on the date of this Note and such subordination is required under the loan documents providing for such indebtedness.

**WAIVERS BY MAKER.** All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

**EXPENSES.** In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys' fees not exceeding a sum equal to 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by Payee in exercising any of its rights and remedies upon default.

**GOVERNING LAW.** This Note shall be governed by, and construed in accordance with, the laws of the State of Alabama.

**SUCCESSORS.** All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.

**IN WITNESS WHEREOF,** Maker has executed this Promissory Note as of the day and year written below.

Maker: Steel City Pops
Jim Watkins, Owner _____ December 15, 2017



AlaFile E-Notice

01-CV-2019-905127.00

To: FREDERICK MOTT GARFIELD
fgarfield@spain-gillon.com

## NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
01-CV-2019-905127.00

The following complaint was FILED on 11/21/2019 12:06:56 PM

Notice Date:     11/21/2019 12:06:56 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2019-905127.00

To: JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
5010 CAHABA VALLEY TRACE
BIRMINGHAM, AL, 35242

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
01-CV-2019-905127.00

The following complaint was FILED on 11/21/2019 12:06:56 PM

Notice Date:     11/21/2019 12:06:56 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2019-905127.00 |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS

**NOTICE TO:** JAMES ALLEN WATKINS D/B/A STEEL CITY POPS, 5010 CAHABA VALLEY TRACE, BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), FREDERICK MOTT GARFIELD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1200, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARK HICKS
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/21/2019 | /s/ JACQUELINE ANDERSON SMITH | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ FREDERICK MOTT GARFIELD

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____

*(Date)*

*(Type of Process Server)*

*(Server's Signature)*

*(Address of Server)*

*(Server's Printed Name)*

*(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS

01-CV-2019-905127.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.90

Parties to be served by Certified Mail - Return Receipt Requested

JAMES ALLEN WATKINS D/B/A STEEL CITY POPS                     Postage: $7.90

5010 CAHABA VALLEY TRACE
BIRMINGHAM, AL 35242

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7018 3090 0002 2161 4729

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
5010 CAHABA VALLEY TRACE
BIRMINGHAM, AL 35242

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

CW19905127

9590 9402 4837 9032 7824 74

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 3090 0002 2161 4729

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



ELECTRONICALLY FILED
12/3/2019 9:46 AM
01-CV-2019-905127.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **MARK HICKS, PETER BURKE,** )<br>**DAVID HICKS AND MARK HELM,** )<br> )<br> **Plaintiffs,** )<br> )<br> vs. )<br> )<br> **JAMES ALLEN WATKINS, an** )<br> **individual d/b/a STEEL CITY POPS,** )<br> )<br> **Defendants.** ) | **CASE NO.: CV2019-905127** |

### NOTICE OF BANKRUPTCY

COME NOW Steel City Pops Holding, LLC and its Debtor affiliates Steel City Pops B'ham, LLC; Steel City Pops DTX, LLC; Steel City Pops FWTX, LLC; and Steel City Pops, LKY, LLC and hereby provide notice of filed Bankruptcy Petitions before the United States Bankruptcy Court for the Northern District of Alabama. Steel City Pops Holding, LLC was assigned Case No. 19-04687-DSC-11; Steel City Pops B'ham, LLC was assigned Case No. 19-04689-DSC-11; Steel City Pops DTX, LLC was assigned Case No. 19-04692-DSC-11; Steel City Pops FWTX, LLC was assigned Case No. 19-04695-DSC-11; and Steel City Pops LKY, LLC was assigned Case No. 19-04697-DSC-11. Actions against these entities are stayed pursuant to Section 362 of the United States Bankruptcy Code.

/s/ Samuel C. Stephens
SAMUEL C. STEPHENS (ASB-0400-X11T)

Of Counsel:
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 278-8000
Facsimile: (205) 278-8005
Email: sstephens@bcattys.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the above and foregoing has been filed with the Court and served upon the below-listed persons by depositing a copy of same in the United States mail, properly addressed, first-class postage prepaid, on this 3rd day of December, 2019.

Frederick M. Garfield, Esq.
Spain & Gillon
1200 Financial Center
505 20th Street North
The Financial Center
Birmingham, Alabama 35203

                                      */s/ Samuel C. Stephens*
                                        Of Counsel



AlaFile E-Notice

01-CV-2019-905127.00

To: SAMUEL CARLTON STEPHENS
sstephens@bcattys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
01-CV-2019-905127.00

The following NOTICE OF APPEARANCE was FILED on 12/3/2019 9:46:04 AM

Notice Date: 12/3/2019 9:46:04 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2019-905127.00

To: WATKINS D/B/A STEEL CITY POPS JAMES ALLEN (PRO SE)
5010 CAHABA VALLEY TRACE
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
01-CV-2019-905127.00

The following NOTICE OF APPEARANCE was FILED on 12/3/2019 9:46:04 AM

Notice Date:     12/3/2019 9:46:04 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2019-905127.00

To: GARFIELD FREDERICK MOTT J
fgarfield@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK HICKS ET AL V. JAMES ALLEN WATKINS D/B/A STEEL CITY POPS
01-CV-2019-905127.00

The following NOTICE OF APPEARANCE was FILED on 12/3/2019 9:46:04 AM

Notice Date:       12/3/2019 9:46:04 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov