# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STEEL CITY POPS HOLDING, LLC, *et al.*[1], | Case No. 19-04687-11 |
| Debtors. | (Jointly Administered) |

**FINAL ORDER GRANTING IN PART AND DENYING IN PARTS THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) NUNC PRO TUNC AUTHORITY TO THE DEBTORS' TO (A) PAY PREPETITION WAGES AND SALARIES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the Motion of the above-captioned Debtors[2] for entry of a final order (this "Final Order"), (i) granting *nunc pro tunc* authority to the debtors to (a) pay prepetition wages and salaries, and, (b) continue employee benefits programs, and (ii) granting related relief ("Motion"), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898) The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209.

[2] Capitalized terms shall have the same meanings as defined in the Motion unless otherwise defined herein.

the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is DENIED WITHOUT PREJUDICE as to the relief requested for the postpetition payment of Current Employee Compensation and Benefits that were paid, in part, by the Debtors pursuant to the Emergency Redmont Payroll Loan for the November 15th payroll. The Debtors may seek the relief requested in the Motion as to the *nunc pro tunc* treatment of Current Employee Compensation and Benefits for the November 15th payroll during the pendency of the Debtors' bankruptcy cases. For the avoidance of doubt, the Debtors are not prohibited from filing a subsequent motion, citing appropriate legal authority, that seeks the same or similar relief requested regarding the November 15th payroll.

2.      Except as provided in paragraph 1 herein the Motion is otherwise GRANTED on a final basis as set forth herein.

3.      The Debtors are authorized to pay the Current Employee Compensation and corresponding Withholding Obligations on November 29, 2019 without requiring the Current Employees to file proofs of claim.

4.      The Debtors are not authorized to pay any Employee any amount on behalf of prepetition services that exceeds the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

5. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Current Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Final Order should be construed as authorizing any payments on account of the Current Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval.

6. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code; *however* nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

7. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Current Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

8.      The Debtors are authorized, but not directed, to maintain payroll services with Quickbooks and pay reasonable costs associated therewith as they become due in the ordinary course of business.

9.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order or the Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

10.     Notwithstanding anything to the contrary in this Final Order, any payment made (or to be made) and any authorization contained in this Final Order shall be subject to the terms, conditions, limitations, and requirements of any final order authorizing postpetition secured financing and authorizing the Debtors' use of cash collateral (together with any approved budget (including any permitted variances) in connection therewith, the "Final DIP Order"), and to the extent there is any inconsistency between the terms of the Final DIP Order and any action taken or proposed to be taken under this Final Order, the terms of the Final DIP Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

11.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: January 6, 2020                    /s/ D. Sims Crawford
Birmingham, Alabama                    D. SIMS CRAWFORD
                                       United States Bankruptcy Judge