# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **STEEL CITY POPS HOLDING, LLC,** *et al.*[1], | Case No. 19-04687-11 |
| **Debtors.** | **(Jointly Administered)** |

**DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING PROCEDURE FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363; (B) AUTHORIZING THE PROCEDURE FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; AND (C) FOR RELATED RELIEF**

Steel City Pops., and its debtor affiliates[1], as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion ("First Sale Motion"):

## **Relief Requested**

The Debtors respectfully move this Court for entry of an order, substantially in the form attached as **Exhibit 1** ("Sale Order"), pursuant to 11 U.S.C. §§ 105(a), 362, 363, 365, 1107 and 1108 (the "Bankruptcy Code"), and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (A) authorizing the sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363; and (B) authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898). The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Debtors have filed a motion for joint administration with the Court which has been granted.

1

the assumption and assignment of certain Executory Contracts and Unexpired Leases[2] ("Assumed Contracts") pursuant to 11 U.S.C. § 365 ("Sale"). In support of this Sale Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Sale Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are sections 105(a), 362, 363, 365, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

## Background

4.     The Debtors commenced the above-captioned jointly administered cases ("Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 14, 2019 (the "Commencement Date"). Pursuant to

---

[2]     The proposed Executory Contracts and Unexpired Leases offered as part of the Sale shall be indemnified in the bids submitted.

2

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors-in-possession.

5.     As of the date hereof, no trustee or examiner has been appointed in these chapter 11 cases.

6.     The Bankruptcy Administrator for the Northern District of Alabama ("Bankruptcy Administrator") has not appointed a creditors' committee ("Committee") in these cases.

7.     Before the Commencement Date, Debtors engaged the manufacture, sell and distribution of popsicles on a wholesale and retail basis.

8.     The Debtors' have locations and operations in Alabama, Kentucky and Texas.

9.     The Debtors' operations have continued thirteen of the Debtor's prepetition locations.

10.     The Debtors filed these Chapter 11 Cases with the goal of marketing and selling their assets as going concerns, which they believe is the best way to realize the highest and best value of the assets for the benefit of their creditors.

11.     The Debtors propose to sale the assets of the Debtors pursuant to a bid procedure set out hereinafter.

12.     The goal of this First Sale Motion is the sale of substantially all of the Debtors' assets, real, personal, mixed, tangible and intangible, connected with the going-concern operations of the Debtors' businesses ("Assets"), including but not limited to, the following:

3

(i)    all buildings and improvements owned by any of the Debtors and any related leasehold rights of the Debtors in such related Unexpired Leases that are assumed and assigned;

(ii)   any contractual rights of the Debtors relating to their operations as are assumed and assigned;

(iii)  all equipment, fixtures and other personal property of the Debtors' relating to their operations;

(iv)   all inventories of the Debtors relating to such operations;

(v)    all other inventories on hand relating to their operations or otherwise owned by the Debtors on the date of Closing;

(vi)   copies of property records relating solely to their operations, and copies of certain personnel and payroll records relating solely to the employees who were employed by the Debtors immediately prior to the Closing;

(vii)  all necessary contracts not described above;

(viii) all necessary permits to the extent transferable; and

(ix)   all trucks, trailers, and related motor vehicle equipment owned by the Debtors.

13.    The Debtors shall serve this First Sale Motion and this Court's Order approving the Debtors' First Sale Motion on all parties listed on the matrixes of the Debtors' cases and on all parties, who have expressed an interest in bidding on the Debtors' Assets.

14.    The Debtors have been and will continue to actively market the Debtors' Assets to potential bidders. Financial information related to the Debtors business operations has been complied, and subject to agreements protecting the Debtors' confidential financial information, potential bidders will be given access to information. In addition, Management has been meeting and will meet with potential bidders.

4

15.     The Debtors propose that all bids other than the Initial Qualified Bid shall be received by January 29, 2020 at 5:00 p.m. Central Time, the Initial Bid Deadline. The Debtors reserve the right to refuse any and all offers.

16.     In the event multiple bids are received, the Debtors will hold an auction on February 6, 2020. The Debtors, in consultation with the secured creditors in the Debtors' cases, Consulting Parties, will select and give notice on or before January 31, 2020 at 5:00 p.m. prevailing central time, of the highest and best bid, which will serve as the Initial Accepted Bid in the Auction.

17.     The Auction will be conducted at the offices of BENTON & CENTENO, LLP, Birmingham, Alabama, beginning at 10.00 a.m. Central Time, in rounds, in consultation with the Consulting Parties. The Debtors have reserved the right to aggregate bids for assets and compare such aggregated bids with other bids for substantially all of the assets in determining the then-current best bid. The Debtors may return to an auction for any portion of the assets at any time, until they have determined and named successful bidder(s) for all the assets. At the end of every round, the Debtors, after consultation with their professionals and the Consulting Parties, will declare the highest or otherwise best bid(s) at that time for the assets then under consideration.

18.     Upon a determination by the Debtors that no further higher or otherwise best bid(s) have been received, the Debtors may conclude the auction. At the conclusion of the auction, the Debtors, in consultation with their professionals and the Consulting Parties, shall determine which qualified bid is the highest and best bid, the successful bid(s).

19.    The Auction results will be filed in the Court record at the conclusion of the Auction.

20.    The hearing to approve this sale Hearing shall be scheduled for next available docket upon this Court's calendar after submission of the Auction results and the Closing with the successful bidder must occur on or before thirty days from the approval of the successful bidder by the Court

## Basis for Relief

21.    Debtors file this Sale Motion requesting entry of the Sale Order authorizing the Debtors to sell the Assets and assign the Assumed Contracts to the successful bidder(s).

### I.    The Sale of Debtors' Assets Is Consistent with the Debtors' Reasonable Business Judgment.

22.    Entry of the Sale Order approving the sale of the assets at the conclusion of the sale hearing is authorized and appropriate under the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the powers of a trustee in respect to various matters including sales under section 363(b) of the Bankruptcy Code.

23.    Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the sale of property of the estate, courts have made clear that a debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *See,*

6

*e.g., In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("Under Section 363, the debtor in possession can sell property of the estate . . . if he has an 'articulated business justification.'") (internal citations omitted); *see also In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (explaining that courts usually defer to the trustee's "legitimate business justification" with respect to the "disposition of assets of the estate"); *In re Integrated Res., Inc.*, 147 B.R. 650, 656–57 (S.D.N.Y. 1992) (noting that bidding procedures that have been negotiated by a trustee are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"); *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002) (business judgment test is standard to evaluate sale motion (citing *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063 (2nd Cir. 1983)).

24.     The key consideration is the court's finding that a good business reason exists for the sale. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *see also, Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999).

25.     "Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arm's length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest." *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. at 514.

26.     Once the Debtors articulate a legitimate business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions").

27.     The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate."); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res., Inc.*, 147 B.R. at 659 ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted).

28.     To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. *See, e.g., In re Integrated Res., Inc.*, 147 B.R. at 659 (bidding procedures "are important tools to encourage bidding and to maximize the value of the debtor's

8

assets"); *In re Fin. News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets . . . [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates")

29.    In light of circumstances that precipitated the commencement of these chapter 11 proceedings, and in view of the financial constraints of the Debtors, the Debtors, in their legitimate business judgment, believe that a prompt sale of the Assets, pursuant to section 363(b) of the Bankruptcy Code, will maximize the value of the Assets for the benefit of the Debtors' creditors and bankruptcy estates. Several sound business reasons support the Debtors' position.

30.    The Debtors' management and professionals have concluded that a sale of the Assets through an auction to any such successful bidders as may be selected is the best way for the Debtors to maximize value for the benefit of creditors and their estates.

31.    The Debtors believe this defined path toward effectuating the sale will drive the sale process in an expeditious and efficient manner and is designed to encourage all prospective bidders to put their best bids forward in order to compete to establish the value of the assets in order to provide the best available recoveries to the Debtors' stakeholders without unduly prejudicing, these chapter 11 estates.

32.    As contemplated, all Initial Bids are subject to higher and better bids including, without limitation, credit bids. Thus, while secured lenders may credit bid, they are aware that their bids must be competitive with the other bidders to be successful, which

Case 19-04687-DSC11    Doc 89    Filed 01/06/20    Entered 01/06/20 17:44:56    Desc Main
Document    Page 9 of 25

in turn will require other bidders to offer their best bids to compete with those holding credit bidding rights.

33.    Maximization of asset value, as set forth above, is a sound business purpose warranting authorization of the Sale.

34.    The Debtors are currently maintaining the Assets to preserve their value while their Chapter 11 cases are pending and the sale of their assets is accomplished , but if the Assets are not disposed of in a prompt and timely manner as contemplated by this First Sale Motion, there is a risk that the Assets may decrease in value, and it is certain any returns to the Debtors' estates will be greatly diminished if the Debtors are forced to continue to bear the cost to maintain the Assets for an extended period of time.

35.    Finally, the timing of the Sale is critical. To maximize the benefit to the Debtors' creditors and bankruptcy estates, it is important that the Debtors proceed with the sale process as quickly as possible. The Debtors may not have insufficient cash flow to operate or maintain their asset for an extended period. Without financing to continue operations, the only alternative is to liquidate the Debtors' Assets.

36.    The Debtors believe that the proposed sale will provide a greater return to the Debtors' estates and their creditors than a Chapter 7 liquidation of the Debtors' assets.

37.    For each of the foregoing reasons, the Debtors, in their business judgment, believe that a prompt sale of the Assets, pursuant to section 363(b) of the Bankruptcy Code, is in the best interest of the Debtors, their estates, creditors and other parties in interest.

Case 19-04687-DSC11    Doc 89    Filed 01/06/20    Entered 01/06/20 17:44:56    Desc Main
Document    Page 10 of 25

## II. Requested Protection Pursuant to Section 363(m) of the Bankruptcy Code as a Good Faith Purchaser.

38.     The Debtors seek the protections afforded under section 363(m) of the Bankruptcy Code, which provide in pertinent part:

> (m) The reversal or modification on appeal of an authorization under section (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. 363(m).

39.     The Debtors have and will continue to market the Assets. Any parties who have expressed any meaningful interest in the acquiring the Assets will be given notice of the Sale and have an opportunity to bid at the Auction.

40.     The Debtors have enlisted the assistance of their secured creditors and others, in the bid evaluation and selection process, further assuring a fair process.

41.     Courts have determined that the type of misconduct that would destroy a purchaser's good faith status involves "'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986) (remanding case involving insider transaction back to the bankruptcy court for further consideration of good faith where there was evidence that the sale had been orchestrated between insiders and some of the sale conditions were not disclosed to the debtor's creditors) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

Case 19-04687-DSC11    Doc 89    Filed 01/06/20    Entered 01/06/20 17:44:56    Desc Main
Document      Page 11 of 25

42.     The Debtors submit that the sale of the Assets to the successful bidder(s) warrants a finding that the bids upon said Assets were acquired in good faith within the meaning of section 363(m) of the Bankruptcy Code.

43.     At the hearing on approval of the sale of the Assets, the Debtors will demonstrate that (i) the Debtors objectively evaluated the bids, (ii) the Debtors did not afford any potentially purchaser special treatment and (iii) the successful bidder(s) submitted the highest and otherwise best bid(s) for the Assets.

44.     Accordingly, the Sale Order will include a provision that the successful bidder is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code. The Debtors believe that providing the successful bidder with such protection will ensure that the Debtors receive the maximum price for the Assets and will allow the sale to close expeditiously.

**III.    Assumption and Assignment, Cure Amounts, and Adequate Assurance.[3]**

45.     Section 365(a) of the Bankruptcy Code provides as follows:

> Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

46.     Section 365 of the Bankruptcy Code authorizes the assumption or rejection of any executory contract or unexpired lease of a debtor, with few exceptions.

---

[3]     As of the filing of this Sale Motion, the Debtors do not concede that any of their contracts or leases are subject to section 365 of the Bankruptcy Code. In connection with the Bidding Procedures and other Sale process requirements, the Debtors intend to make disclosures about the Assumed Contracts or other contracts and leases at the required time(s).

12

47.     The predominant test is described as the "business judgment" rule or

business judgment test. *In re Kong*, 162 B.R. 86, 94 (Bankr. E.D.N.Y. 1993); *In re Minges*,

602 F.2d 38 (2nd Cir. 1979); *In re Child World*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992);

*In re Stable Mews Assocs.*, 41 B.R. 594 (Bankr. S.D.N.Y. 1984). The business judgment

test is the same test applied to judicial review of corporate decisions outside bankruptcy.

*Johnson v. Fairco Corp.*, 61 B.R. 317 (N.D. Ill. 1986). This test analyzes the impact that

continued performance under the executory contract or unexpired lease will have on the

estate. Assumption or rejection of the contract or lease will be approved upon a mere

showing that the action will benefit the estate. *In re Chestnut Ridge Plaza Assocs.*, 156

B.R. 477 (Bankr. W.D. Pa. 1993) (test is best interest of the estate); *Bezanson v. Metro.*

*Ins. & Annuity Co.*, 952 F.2d 1 (1st Cir. 1991).

48.     In the present case, the Debtors seek to assume and assign the Assumed

Contracts to the Successful Bidder(s). Section 365(f) of the Bankruptcy Code addresses

assumption and assignment of executory contracts and unexpired leases and provides,

in pertinent part:

> (1) Except as provided in subsections (b) and (c) of
> this section, notwithstanding a provision in an executory
> contract or unexpired lease of the debtor, or in applicable
> law, that prohibits, restricts, or conditions the assignment of
> such contract or lease, the trustee may assign such contract
> or lease under paragraph (2) of this subsection....
>
> (2) The trustee may assign an executory contract or
> unexpired lease of the debtor only if—
>
>> (A)  the trustee assumes such contract or lease
>> in accordance with the provisions of this section; and
>>
>> (B)  adequate assurance of future performance
>> by the assignee of such contract or lease is provided,

13

whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(1)–(2).

49.     Section 365(f) of the Bankruptcy Code provides that the assignment of a properly assumed contract or lease is to be permitted by the Court only if the debtor has assumed the contract or lease in compliance with all of the terms of section 365 of the Bankruptcy Code and if the debtor provides the other party to the contract or lease with adequate assurance of future performance by the assignee of the contract or lease. 11 U.S.C. § 365(f)(2). The words "adequate assurance of future performance" must be given a "practical, pragmatic construction" to be "determined by consideration of the facts of the proposed assumption." *In re Fleming Cos.*, 499 F.3d 300, 307 (3d Cir. 2007) (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120, n.10 (3d Cir. 2001); *see also Carlisle Homes, Inc. v. Arrari* (*In re Carlisle Homes, Inc.*), 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (same); *In re Nalco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance.").

50.     As part of this First Sale Motion, pursuant to section 365 of the Bankruptcy Code, the Debtors seek authority to assume and assign the Assumed Contracts to the successful bidder. Additionally, pursuant to section 363 of the Bankruptcy Code, the Debtors seek authority to terminate any contracts or leases with respect to which the Debtors have a right to terminate, and to subsequently transfer to the successful

14

bidder(s) any right(s) of re-entry for reclamation or remediation they retain pursuant to the terms and conditions of the terminated contracts and/or leases.

51. With respect to any other contracts and leases of the Debtors, the Debtors will file a motion to assume or reject such contacts and leases at the appropriate point in these Chapter 11 Cases.

52. Any assumption and assignment of the Assumed Contracts will be subject to any applicable provisions of the Bankruptcy Code. The proposed terms and conditions set forth herein are designed to ensure that the assignees, if any, are financially able, and prepared, to undertake all the obligations of the Assumed Contracts. In addition, the hearing on approval of the sale, gives the Court and other parties in interest an appropriate opportunity to resolve any issues related to the assumption and assignment of the Assumed Contracts.

53. The Debtors assert that under the circumstances, the Assumed Contracts can be properly assumed in compliance with section 365 of the Bankruptcy Code.

54. First, the assumption of the Assumed Contracts by the Debtors complies with the requirements of section 365 because assumption satisfies the "business judgment test". The Debtors' satisfaction of the business judgment test is demonstrated by the benefit to the Debtors' estates which will accrue as a result of the Debtors' ability to close the sale and from the savings realized as a result of: (a) the successful bidder's assumption of the Debtors' obligations under the Assumed Contracts, to the extents assumed; and (b) the avoidance of potential rejection damages claims and possible

administrative expense claims that would arise if the Assumed Contracts were not assumed and assigned to the successful bidder(s).

55.     Second, all monetary defaults under the Assumed Contracts will be cured by payment of the cure amounts or otherwise resolved at the time of assumption.

56.     Third, it is contemplated that the successful bidder(s) will be capable of satisfying the adequate assurance conditions of sections 365(b)(i)(c) and 365(f) of the Bankruptcy Code with respect to the Assumed Contracts. Adequate assurance of future performance is to be determined on a case by case basis to ensure that the other party to the contact or lease gets the benefit of the bargain for which he has contracted. *Chera v. 991 Blvd. Realty Corp.* (*In re Nat'l Shoes, Inc.*), 20 B.R. 55, 59 (Bankr. S.D.N.Y. 1982); *See In re Bygaph*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) ("Congress intended that the words 'adequate assurance' be given a practical, pragmatic construction, and is to be determined under the facts of each particular case"). A landlord or a party to a contract, however, is not entitled to greater rights than are given by the lease or contract. *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981).

57.     The Debtors submit, and will demonstrate at the hearing on approval of the sale, that there are adequate business justifications for the assumption and assignment of the Assumed Contracts and that all requirements to assumption and assignment, including adequate assurance of future performance by any successful bidder(s), have been met.

**IV.     <u>Notice of the Proposed Sale is Adequate.</u>**

Case 19-04687-DSC11    Doc 89    Filed 01/06/20    Entered 01/06/20 17:44:56    Desc Main
Document    Page 16 of 25

58.    The Debtors' service of the First Sale Motion and this Court's Order approving same the Motion and of the sale procedures and they are in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the Local Bankruptcy Rules of this Court.

59.    Notice of the First Sale Motion and this Court's Order approving same the Motion and of the sale procedures will be given to the all parties listed on the matrixes of all of the Debtors' cases: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) counsel to the secured creditors; (c) the United States Attorney's Office for the Northern District of Alabama; (d) the United States Internal Revenue Service; (e) the Alabama Department of Revenue; (f) the office of the attorneys general for the states in which the Debtors operate;; (g) such entities as either have expressed an interest or that are believed to have an interest in bidding; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

60.    Accordingly, as set forth herein, the notice of the proposed Sale, including the all hearings and sales procedures, is sufficient and adequate.

61.    To the extent that this First Sale Motion is modified, supplemented, and/or amended prior to the sale, the Debtors will provide notice to all creditors and parties in interest of same.

**NO PRIOR REQUEST**

62.    No prior application for the relief requested herein has been made by the Debtors to this or any other court.

Case 19-04687-DSC11    Doc 89    Filed 01/06/20    Entered 01/06/20 17:44:56    Desc Main
Document    Page 17 of 25

63.    Bankruptcy Rule. 6004(h) provides that "[a]n order authorizing the sale, use or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons set forth above, time is of the essence in these cases, and it is imperative that the proposed sale of the Debtors' assets be completed as soon as possible. Accordingly, the Debtors request that the Court waive the fourteen (14) day stays of any order authorizing the proposed sale of the Debtors' assets. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or any other rules staying the effectiveness of the Sale Order, the Debtors request the relief sought by this Sale Motion be immediately effective and enforceable upon entry of the Sale Order.

## CONCLUSION

64.    The Debtors believe that the sale of the Debtors' Assets and the assumption and assignment of Assumed Contracts as described herein are in the best interests of their creditors and other interested parties and will facilitate and expedite the sale process for the benefit of all creditors in these cases.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form as the Order filed herewith (i) authorizing the Sale of the Assets pursuant to 11 U.S.C. § 363; (ii) authorizing the assumption and assignment of the Assumed Contracts; and (iii) granting the Debtors such other and further relief as this Court deems just and appropriate under the circumstances.

Birmingham, Alabama
Dated:        January _6_, 2020

/s/ LEE R. BENTON
Lee R. Benton
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: 205.278.8000
Fax: 205.278.8005
Email: lbenton@bcattys.com

– and –

Harry P Long
The Law Offices of Harry P. Long, LLC
P. O. Box 1468
Anniston, AL 36202
Phone: (256) 237-3266
Fax: (256) 237-3268
Email:  hlonglegal8@gmail.com

*Co-Counsel to the Debtors*

19

**EXHIBIT 1**

**Proposed Sale Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| In re: | Chapter 11 |
| --- | --- |
| **STEEL CITY POPS HOLDING, LLC,** *et al.*[1], | **Case No. 19-04687-11** |
| **Debtors.** | **(Jointly Administered)** |

## ORDER ON DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING PROCEDURE FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363; (B) AUTHORIZING THE PROCEDURE FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; AND (C) FOR RELATED RELIEF

This matter is before the Court on the Debtors' Motion (the "First Sale Motion")[2] for and Order (A) authorizing the sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363; (B) authorizing the assumption and assignment of certain executory contracts and unexpired leases pursuant to 11 U.S.C. § 365; and (C) for related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898) The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Debtors have filed a motion for joint administration with the Court which has been granted.

Constitution; and this Court having found that venue of this proceeding and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the First Sale Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Sale Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the First Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court.

THE **COURT FURTHER FINDS AND DETERMINES** as follows:

1.      The Court has jurisdiction over the Chapter 11 Cases, the First Sale Motion, and the proposed sale of the Debtors' Assets described in the First Sale Motion [and any supplements or amendments thereto] pursuant to 28 U.S.C. § 157 and § 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2.      Venue for these Chapter 11 Cases and the Sale Motion is proper in this District pursuant to 28 U.S.C. § 1408 and § 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 362, 363, 365, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and other applicable law.

4.     Proper, timely, adequate, and sufficient notice of the sale proposed in the First Sale Motion has been or will be provided in accordance with 11 U.S.C. § 102(1) and § 363(b) and Bankruptcy Rules 2002, 6004, and 9014, including to all parties to executory contracts and unexpired leases and to creditors who have asserted or who could assert Liens and Claims.  Such notice is good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the First Sale Motion, and/or the sale of the Assets shall be required.

5.     The Debtors shall conduct the sale of Assets in accordance with the procedures set out in the Debtors' First Sale Motion.

6.     The hearing on approval of Sale shall take place on the _____ day of February 2020 at __: __ __. m. Central Time.

7.     At The hearing on approval of sale, a successful bidder for the Assets shall be approved by the Court, if appropriate, and the Debtors and the successful bidder as approved by the Court  will be authorized to take such actions and execute such documents as are necessary to effectuate the sale of the Debtors' Assets pursuant to the terms and conditions of sale approved by the Court. The sale shall be concluded on or before 30 days after approval of the sale by the Court.

8.     A reasonable opportunity to object or be heard has been afforded to all interested persons and entities with respect to the First Sale Motion and the relief requested therein, and third parties had the right to submit higher or otherwise better offers for all or any portion of the Sale of the Assets at the Auction in accordance with the bidding procedures set forth the Debtor's First Sale Motion approved by this Court.

THEREFORE, after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the First Debtor's First Sale Motion is **APPROVED** as set forth therein.

Dated: _____ 2019
Birmingham, Alabama

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Proposed Contracts and Leases Proposed to Be Sold in Sale Process to be**

**provided pursuant to bid procedure**