# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STEEL CITY POPS HOLDING, LLC, *et al.*[1], | Case No. 19-04687-DSC11 |
| Debtors. | (Jointly Administered) |

**ORDER ON DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING PROCEDURE FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363; (B) AUTHORIZING THE PROCEDURE FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; AND (C) FOR RELATED RELIEF**

This matter is before the Court on the Debtors' Motion (the "First Sale Motion") (doc. 89) for an Order (A) authorizing the procedure for the sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363; (B) authorizing the procedure for the assumption and assignment of certain executory contracts and unexpired leases pursuant to 11 U.S.C. § 365; and (C) for related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898). The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Debtors filed a motion for joint administration which the Court granted.

Case 19-04687-DSC11    Doc 124    Filed 01/24/20    Entered 01/24/20 16:11:26    Desc Main Document    Page 1 of 9

of this proceeding and the First Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the First Sale Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the First Sale Motion and having heard the statements in support of the relief requested therein, and objections thereto, at said hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the First Sale Motion and at the Sale Hearing establish just cause for the relief requested therein in part; provided that the objections to the First Sale Motion (docs. 113, 116, 119) are sustained in part and the relief requested in the First Sale Motion is granted in part consistent with the following:

THE **COURT FURTHER FINDS AND DETERMINES** as follows:

1. The Court has jurisdiction over these Chapter 11 Cases, the First Sale Motion, and the proposed sale of the Debtors' Assets described in the First Sale Motion [and any supplements or amendments thereto] pursuant to 28 U.S.C. § 157 and § 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. Venue for these Chapter 11 Cases and the Sale Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are §§ 105(a), 362, 363, 365, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and other applicable law.

4. Proper, timely, adequate, and sufficient notice of the sale proposed in the First Sale Motion has been or will be provided in accordance with 11 U.S.C. § 102(1) and § 363(b) and Bankruptcy Rules 2002, 6004, and 9014, and the Order (doc. 29) previously entered by this Court, including to all parties to executory contracts and unexpired leases and to creditors who have asserted or who could assert Liens and Claims. Such notice is good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the First Sale Motion, and/or the sale of the Assets shall be required.

5. The Debtors shall conduct the sale of Assets in accordance with the procedures set out in the Debtors' First Sale Motion including Paragraphs 15-19 of said Motion as modified herein:

a. The Debtors shall file a proposed landlord cure schedule (including a listed cure amount for each lease to be assigned) with the Court and serve such schedule on all landlords listed in the schedule on or before January 31, 2020, provided such service shall be deemed perfected by sending the cure schedule via overnight courier to counsel whose appearance has been made in this case on behalf of landlords or, where no such counsel appearance has been made on behalf of a landlord, to the notice address for the landlord as provided in the applicable lease;

b. The Debtors shall file with the Court the entire Asset Purchase Agreement and any Motions to Assume and Assign Leases which the Debtors recommend on or before February 7, 2020.

c. All bids shall be submitted to the Debtors by January 29, 2020, at 5:00 p.m. (Central Time). The Debtors reserve the right to refuse any and all offers. The Debtors, in consultation with the Debtors' secured creditors and Jim Watkins, equity security holder (the "Consulting Parties"), will select the highest and best bid and file notice of such highest and best bid with the Court on or before 5:00 p.m. (Central Time) on January 31, 2020, which said bid shall serve as the Initial Accepted Bid at the Auction (to the extent multiple bids are received) at the auction outlined in the proceeding sub-paragraph.

d. In the event multiple bids are received, the Debtors will hold an auction on February 6, 2020, beginning at 10:00 a.m. (Central Time), at the offices of Benton & Centeno, LLC, in Birmingham, Alabama, in rounds, in consultation with the Consulting Parties. The Debtors reserve the right to aggregate bids for assets and compare such aggregated bids with other bids for substantially all of the assets in determining the then-current best bid. The Debtors may return to an auction for any portion of the assets at any time until they have determined and named successful bidder(s) for all of the assets. At the end of every round, the Debtors, after consultation with their professionals and the Consulting Parties, will declare the highest or otherwise best bid(s) at that time for the assets then under consideration.

e. Upon a determination by the Debtors that no further higher or otherwise best bids have been received, the Debtors may conclude the auction. At the conclusion of the auction, the Debtors, in consultation with their professionals and the Consulting Parties, shall determine which qualified bid(s) is the highest and best bid and thus the successful bid(s). The results of the auction shall be filed with the Court at the conclusion of the auction. To the extent the winning bid(s) encompasses the assumption and assignment of any lease for which the bidder has not previously provided the adequate assurance information required herein to the landlord of any lease to be assumed and assigned, said bidder(s) shall provide such information to said landlord as soon as possible, but in no event later than 12:00 Midnight (Central Time) on February 6, 2020.

f. All objections filed prior to the hearing held on January 22, 2020, to consider the Debtors' First Sale Motion are reserved and may be raised at the hearing on approval of the Asset Purchase Agreement and related Motions to Assume and Assign Leases.

g. All parties in interest may further object to the approval of the proposed sale, the Asset Purchase Agreement, and related Motions to Assume and Assign Leases which shall be filed by the Debtors and for which the Debtors must seek court approval. Any such objection shall be filed no later than 12:00 Noon (Central Time), on February 11, 2020.

h. The Debtors and all entities submitting bids shall fully and promptly provide to all landlords whose leases are proposed to be assigned to any bidder

documents and other information evidencing or relating to such bidder's ability to satisfy the requirements of 11 U.S.C. § 365(b)(1) including, but not limited to, documents and other information regarding the bidder's ability to promptly cure lease defaults and adequately assure future performance under a lease to be assumed, provided all entities submitting bids that include proposed assumption and assignment of leases shall provide said adequate assurance information to the landlords of leases proposed to be assumed and assigned by 5:00 p.m. (Central) on January 29, 2020, with such information being submitted to counsel whose appearance has been made in this case on behalf of landlords; or, where no such counsel appearance has been made on behalf of a landlord, to the notice address for the landlord as provided in the applicable lease. The providing of such documents and information to the pertinent landlords shall be a condition to a bidder's ability to participate in and bid at the Auction. The Debtors and all entities submitting bids shall fully and promptly cooperate with other requests for information made by any creditor (including landlords) that are reasonably necessary to properly consider the sale of the Debtors' assets and the related lease assumptions and assignments. All information provided hereunder shall be deemed confidential in nature and shall only be used by the landlords for the sole purpose of assessing the bidders' ability to satisfy the requirements of 11 U.S.C. § 365(b)(1), and shall not be disclosed by the landlords to any third parties except as is reasonably necessary to accomplish this requirement, provided that any third

party receiving said information shall also be bound by the confidentiality requirements as set forth herein.

i. The hearing on the Debtors' motion for approval of proposed sale, and the related assumption and assignment of leases as recommended by the Debtors, shall take place on **February 12, 2020, at 9:30 a.m.** (Central Time).

j. To the extent the "Maturity Date" in either: i) the Final Order Granting in Part, and Denying in Part, the Debtors' Motion for Final Orders Authorizing the Debtors' Motion for Final Orders Authorizing the Debtors to (I) Use Cash Collateral and (II) Obtain Post-Petition Financing (doc. 85); or, ii) Second Final DIP Order Granting the Debtors' Second Motion for Interim and Final Orders Authorizing the Debtors to (I) Use Cash Collateral and (II) Obtain Post-Petition Financing (doc. 87) (collectively, the "DIP Orders") references a date prior to the date of the hearing on Debtors' request and approval of any proposed sale and related assumption and assignment of leases recommended by the Debtors, said Maturity Date as defined in the DIP Orders shall be extended until the date of said hearing, February 12, 2020.

6. At the hearing on the motion for approval of proposed sale and assumption and assignment of executory contracts and unexpired leases, a successful bidder for the Assets may be approved by the Court, if appropriate. If so, the Debtors and the successful bidder will be authorized to take such actions and execute such documents as are necessary to effectuate the sale of the Debtors' Assets pursuant to the terms and conditions of the court-approved sale and the related assumptions and assignments. The

sale and related assumptions and assignments shall be concluded on or before 30 days after approval of the sale by the Court with the said assumptions and assignments being effective upon closing of the said sale.

7. A reasonable opportunity to object or to be heard has been afforded to all interested persons and entities with respect to the First Sale Motion and the relief requested therein, and third parties have the right to submit higher or otherwise better offers for all or any portion of the Sale of the Assets at the Auction in accordance with the bidding procedures set forth in the Debtors' First Sale Motion, and as approved by this Court.

**THEREFORE**, after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the Debtors' First Sale Motion (doc. 89) is **granted in part** as set forth therein and as modified herein, and the objections to the First Sale Motion (docs. 113, 116, 119) are **sustained in part**.

Dated: January 24, 2020
Birmingham, Alabama

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge

Prepared by:

Harry P. Long
The Law Offices of Harry P. Long, LLC
P. O. Box 1468
Anniston, AL 36202
Phone: (256) 237-3266
Fax: (256) 237-3268
Email:  hlonglegal8@gmail.com

*Co-Counsel to the Debtors*