UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **STEEL CITY POPS HOLDING, LLC,** *et al.*[1], | **Case No. 19-04687-11** |
| | **(Jointly Administered)** |
| **Debtors.** | |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES AND EXECTORY CONTRACTS

Steel City Pops., and its debtor affiliates[1], as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion ("Motion"):

## Relief Requested

The Debtors respectfully move this Court for entry of an order pursuant to 11 U.S.C. §§ 365, 1107 and 1108 (the "Bankruptcy Code"), and Rules 2002, 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the assumption and assignment of certain Executory Contracts and Unexpired Leases as identified in Exhibit "A" attached hereto and incorporated herein by reference ("Assumed and Assigned Contracts")

In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898). The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Debtors have filed a motion for joint administration with the Court which has been granted.

1

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended on July 17, 1984. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 362, 363, 365, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

## Background

4. The Debtors commenced the above-captioned jointly administered cases ("Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 14, 2019 (the "Commencement Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors-in-possession.

5. As of the date hereof, no trustee or examiner has been appointed in these chapter 11 cases.

6. The Bankruptcy Administrator for the Northern District of Alabama ("Bankruptcy Administrator") has not appointed a creditors' committee ("Committee") in these cases.

7. Before the Commencement Date, Debtors engaged the manufacture, sell and distribution of popsicles on a wholesale and retail basis.

8. The Debtors' have locations and operations in Alabama, Kentucky and Texas.

9. The Debtors' operations have continued thirteen of the Debtor's prepetition locations.

10. The Debtors filed these Chapter 11 Cases with the goal of marketing and selling their assets as going concerns, which they believe is the best way to realize the highest and best value of the assets for the benefit of their creditors.

11. The Debtors have negotiated a sale of substantially all the Debtors assets with SCP Coldworks, LLC. A copy of the proposed Asset Purchase Agreement and related Assumption and Assignment Agreement have been filed with this Court of even date herewith.

12. The goal of this Motion, along with the Debtors' pending motions to effectuate the sale of substantially all of the Debtors' assets, real, personal, mixed, tangible and intangible, connected with the going-concern operations of the Debtors' businesses ("Assets") to SCP Coldworks, LLC.

## Assumption and Assignment, Cure Amounts, and Adequate Assurance.[2]

13. Section 365(a) of the Bankruptcy Code provides as follows:

> Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

14. Section 365 of the Bankruptcy Code authorizes the assumption or rejection of any executory contract or unexpired lease of a debtor, with few exceptions.

15. The predominant test is described as the "business judgment" rule or business judgment test. *In re Kong*, 162 B.R. 86, 94 (Bankr. E.D.N.Y. 1993); *In re Minges*, 602 F.2d 38 (2nd Cir. 1979); *In re Child World*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re Stable Mews Assocs.*, 41 B.R. 594 (Bankr. S.D.N.Y. 1984). The business judgment test is the same test applied to judicial review of corporate decisions outside bankruptcy. *Johnson v. Fairco Corp.*, 61 B.R. 317 (N.D. Ill. 1986). This test analyzes the impact that continued performance under the executory contract or unexpired lease will have on the estate. Assumption or rejection of the contract or lease will be approved upon a mere showing that the action will benefit the estate. *In re Chestnut Ridge Plaza Assocs.*, 156 B.R. 477 (Bankr. W.D. Pa. 1993) (test is best interest of the estate); *Bezanson v. Metro. Ins. & Annuity Co.*, 952 F.2d 1 (1st Cir. 1991).

16. In the present case, the Debtors seek to assume and assign the Assumed and Assigned Contracts to SCP Coldworks, LLC in conjunction with a proposed sale of substantially of the Debtors assets. Section 365(f) of the Bankruptcy Code addresses

assumption and assignment of executory contracts and unexpired leases and provides, in pertinent part:

> (1) Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection....
>
> (2) The trustee may assign an executory contract or unexpired lease of the debtor only if—
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(1)–(2).

17. Section 365(f) of the Bankruptcy Code provides that the assignment of a properly assumed contract or lease is to be permitted by the Court only if the debtor has assumed the contract or lease in compliance with all of the terms of section 365 of the Bankruptcy Code and if the debtor provides the other party to the contract or lease with adequate assurance of future performance by the assignee of the contract or lease. 11 U.S.C. § 365(f)(2). The words "adequate assurance of future performance" must be given a "practical, pragmatic construction" to be "determined by consideration of the facts of the proposed assumption." *In re Fleming Cos.*, 499 F.3d 300, 307 (3d Cir. 2007) (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120, n.10 (3d Cir. 2001); *see also Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (same); *In re Nalco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate

5

assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance.").

18. This Motion, pursuant to section 365 of the Bankruptcy Code, seeks authority to assume and assign the Assumed and Assigned Contracts to the SCP Coldworks, LLC.

19. With respect to any other contracts and leases of the Debtors, the Debtors will file a motion to assume or reject such contacts and leases at the appropriate point in these Chapter 11 Cases.

20. This proposed assumption and assignment of the Assumed and Assigned Contracts is subject to any applicable provisions of the Bankruptcy Code. The proposed procedure used by the Debtors was designed to ensure that SCP Coldworks, LLC, is financially able, and prepared, to undertake all the obligations of the Assumed and Assigned Contracts. In addition, the hearing on approval of the sale and the assumption and assignment of these leases and contracts, gives the Court and other parties in interest an appropriate opportunity to resolve any issues related to the assumption and assignment of the Assumed and Assigned Contracts.

21. The Debtors assert that under the circumstances, the Assumed and Assigned Contracts can be properly assumed in compliance with section 365 of the Bankruptcy Code.

6

22. First, the assumption of the Assumed and Assigned Contracts by the Debtors complies with the requirements of section 365 because assumption satisfies the "business judgment test". The Debtors' satisfaction of the business judgment test is demonstrated by the benefit to the Debtors' estates which will accrue as a result of the Debtors' ability to close the sale and from the savings realized as a result of: (a) SCP Coldworks, LLC's assumption of the Debtors' obligations under the Assumed and Assigned Contracts, to the extents assumed; and (b) the avoidance of potential rejection damages claims and possible administrative expense claims that would arise if the Assumed and Assigned Contracts were not assumed and assigned to SCP Coldworks, LLC.

23. Second, all monetary defaults under the Assumed and Assigned Contracts will be cured by payment of the cure amounts or otherwise resolved at the time of assumption by SCP Coldworks, LLC.

24. Third, SCP Coldworks, LLC will be capable of satisfying the adequate assurance conditions of sections 365(b)(i)(c) and 365(f) of the Bankruptcy Code with respect to the Assumed and Assigned Contracts. Adequate assurance of future performance is to be determined on a case by case basis to ensure that the other party to the contact or lease gets the benefit of the bargain for which he has contracted. *Chera v. 991 Blvd. Realty Corp. (In re Nat'l Shoes, Inc.)*, 20 B.R. 55, 59 (Bankr. S.D.N.Y. 1982); *See In re Bygaph*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) ("Congress intended that the words 'adequate assurance' be given a practical, pragmatic construction, and is to be determined under the facts of each particular case"). A landlord or a party to a contract,

7

Case 19-04687-DSC11    Doc 150    Filed 02/07/20    Entered 02/07/20 17:02:27    Desc
Main Document    Page 7 of 11

however, is not entitled to greater rights than are given by the lease or contract. *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981).

25. The Debtors submit, and will demonstrate at the hearing on approval of the sale, that there are adequate business justifications for the assumption and assignment of the Assumed and Assigned Contracts and that all requirements to assumption and assignment, including adequate assurance of future performance by SCP Coldworks, LLC, have been met.

## NO PRIOR REQUEST

26. No prior application for the relief requested herein has been made by the Debtors to this or any other court.

27. Bankruptcy Rule 6006(d) provides that "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under Section 365(f) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons set forth above, time is of the essence in these cases, and it is imperative that the proposed sale of the Debtors' assets be completed as soon as possible. Accordingly, the Debtors request that the Court waive the fourteen (14) day stays of any order authorizing the Assumption and Assignment of the proposed Assumed and Assigned leases. Notwithstanding the possible applicability of Bankruptcy Rules 6006(d) or any other rules staying the effectiveness of the Sale Order, the Debtors request the relief sought by this Sale Motion be immediately effective and enforceable upon entry of the Sale Order.

8

## CONCLUSION

28. The Debtors believe that the sale of the Debtors' Assets and the assumption and assignment of Assumed and Assigned Contracts as described herein and in the Debtors' pending motions are in the best interests of their creditors and other interested parties and will facilitate and expedite the sale process for the benefit of all creditors in these cases.

WHEREFORE, the Debtors respectfully request that this Court enter an order authorizing the assumption and assignment of the Assumed and Assigned Contracts to SCP Coldworks, LLC; waiving any provision staying the effectiveness of this Order and granting the Debtors such other and further relief as this Court deems just and appropriate under the circumstances.

DATED: This the 7th day of February 2020.

/s/ Lee R. Benton
Lee R. Benton
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: 205.278.8000
Fax: 205.278.8005
Email: lbenton@bcattys.com

– and –

Harry P Long
Law Offices of Harry P. Long, LLC
P. O. Box 1468
Anniston, AL 36202
Phone: (256) 237-3266
Fax: (256) 237-3268
Email: hlonglegal8@gmail.com

Co-Counsel to the Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

STEEL CITY POPS HOLDING, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 19-04687-11

(Jointly Administered)

# EXHIBIT A

## LIST OF LEASES AND EXECUTORY CONTRACTS
## TO BE ASSUMED AND ASSIGNED BY THE DEBTORS TO SCP COLDWORKS, LLC

| Lessor Name and Address | Premises Address | Date of Lease or Contract | Proposed Cure amount |
|---|---|---|---|
| Taco Partners, LLC<br>3755 Corporate Woods Drive<br>Birmingham, AL 35242 | 2821 Central Avenue<br>Suite 109<br>Birmingham, AL 35209 | 13 March 2012 | $12,339.66 |
| IMI Huntsville, LLC<br>365 The Bridge Street, #106<br>Huntsville, AL 35806 | 335 The Bridge Street<br>Huntsville, AL 35806 | 21 October 2014 | $1,874.70 |
| Bayer Development Company, LLC<br>U.S. Post Office Box 768<br>Memphis, TN 38101 | 329 Summit Boulevard<br>Birmingham, AL 35243 | 16 February 2016 | $5,333.16 |
| District Lofts<br>919 Greensboro Ave, Suite B<br>Tuscaloosa, AL 35401 | 2128 University Boulevard<br>Tuscaloosa, AL 35401 | 6 March 2013 | $0.00 |
| Kenneth A. Williams<br>Corporate Office<br>15670 Highway 42<br>Shelby, AL 35143-7124 | 2823 Central Avenue<br>Suite 101<br>Birmingham, AL 35209 | 5 December 2015 | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Steel City Pops Holding, LLC (7080) and its Debtor affiliates Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898). The Debtors' service address is: 2821 Central Avenue, Birmingham, Alabama 35209. The Debtors have filed a motion for joint administration with the Court which has been granted.

| Creditor | Property/Description | Date | Amount |
|---|---|---|---|
| Lavo Properties, LLC<br>2800 North Henderson Ave<br>Suite 200<br>Dallas, TX 75206 | 2012 Greenville Avenue<br>Dallas, TX 75206 | 6 January 2014 | $10,237.13 |
| AmReit Preston Royal NEC, LP<br>Department 2610<br>P. O. Box 536856<br>Atlanta, GA 30353 | 6025 Royal Lane<br>Suite 105<br>Dallas, TX 75230 | 15 July 2016 | $10,536.91 |
| Celtic & Partners<br>510 N. Edgefield Avenue<br>Dallas, TX 75208 | 908 Currie Street<br>Fort Worth, TX 76107 | 3 February 2014 | $4,050.00 |
| Excel Southlake I LP<br>P. O. Box 101206<br>Atlanta, GA 30392-1206 | 1151 East Southlake<br>Boulevard, Suite 370<br>Southlake, TX 76092 | 8 November 2016 | $6,092.21 |
| FW Waterside Commercial LLC<br>P. O. Box 733680<br>Dallas, TX 75373-3680 | 5924 Convair Drive<br>Suite 400<br>Fort Worth, TX 76109 | 15 July 2016 | $3,490.85 |
| Summit at Fritz Farm<br>c/o Bayer Properties LLC<br>P. O. Box 679221<br>Dallas, TX 75267-9221 | 111 Summit at Fritz Farm<br>Suite 110<br>Lexington, KY 40517 | 16 February 2016 | $0.00 |
| Elmore Levon Properties, LLC<br>1811 Princeton Dr<br>Louisville, KY 40205 | 1021 Bardstown Road<br>Louisville, KY 40204 | 1 October 2015 | $5,892.95 |
| Select Properties Inc.<br>150 Thierman Ln<br>Louisville, KY 40207 | 117 St Matthews Ave<br>Louisville, KY 40207 | 10 October 2016 | $0.00 |
| The Bancorp Bank<br>One Perimeter Park South<br>Suite 400N<br>Birmingham, AL 35243 | 17 Commercial Vehicle Leases | 30 January 2018 | $28,246.29 |
| Stearns Bank<br>500 13th Street<br>Albany, MN 56307 | Equipment Lease | To Be Provided | $8,400.00 |
| Crestmark Equipment Finance<br>5480 Corporate Drive Suite 350<br>Troy, MI 48098 | Equipment Lease | To Be Provided | $0.00 |
| BMO Harris Bank<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Equipment Lease | To Be Provided | $2,022.00 |