# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| Steel City Pops Holding, LLC, *et al.*, ) | Case No. 19-04687-DSC11 |
| ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors.[1] ) | |

**ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

This matter came before the Court on the Motion for an Order (A) Authorizing for the Sale of Substantially All Assets of the Debtors Pursuant to 11 U.S.C. §363; (B) Authorizing the Procedure for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. §365; and (C) for Related Relief [Doc. No. 89] (the "Sale Motion") as well as the Debtors' Motion for an Order Authorizing the Assumption and Assignment of Certain Leases and Executory Contracts [Doc. No. 150] (the "Assumption Motion" and together with the Sale Motion, the "Motions") which the Court held for hearing on February 12, 2020 (the "Hearing") in accordance with the Court's January 24, 2020 Order (the "Sale Procedures Order") [Doc. No. 124]. Upon consideration of the Motion, the evidence and arguments presented at the Hearing, and after due consideration and finding sufficient cause for the relief sought in the Motions, **IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**[2]

1. This Court has jurisdiction over this matter and over the property of the

---

[1] The debtors in these jointly-administered cases including the last four digest of their federal tax identification number are Steel City Pops Holdings, LLC (7080); Steel City Pops B'ham, LLC (4235); Steel City Pops DTX, LLC (2677); Steel City Pops FWTX, LLC (1016); and Steel City Pops, LKY, LLC (8898) (collectively, the "Debtors").

[2] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Federal Rule of Bankruptcy Procedure 7052 as made applicable by Federal Rule of Bankruptcy Procedure 9014. To the extent any findings of fact are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

8383957.3

Debtors' estate pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief in this order is granted pursuant to sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure.

5. Proper, timely, adequate, and sufficient notice of the Motions and relief sought in the Motions has been provided, and such notice was sufficient and appropriate under the particular circumstances, and no other or further notice or relief sought in relation to the contemplated transaction is necessary or required other than the notice as provided in Paragraph 10 of the Order below.

6. The bidding procedures approved by the Court and used by the Debtors were substantively and procedurally fair to all parties. The Debtors and their professionals conducted the sale process in compliance with the Court's orders and the Consultation Parties (as defined in the Sale Procedures Order) acted at all times in good faith and in compliance with the Court's Orders. A reasonable opportunity to object or be heard regarding the relief requested in the Motions and this order has been afforded to all parties entitled to notice of the Motions.

7. The Debtors have the power and authority to execute the Asset Purchase Agreement a true and correct copy of which was filed with the Court on February 7, 2020 at Docket No. 174 (the "APA")[3] between the Debtors and SCP Coldworks, LLC (the "Buyer") and all documents ancillary thereto and to transfer the Assets free and clear of all liens, claims, and

---

[3] Capitalized terms not herein defined shall have the same meaning assigned to them in the APA.

encumbrances subject to the Assumed Liabilities as defined below pursuant to section 363 of the Bankruptcy Code, and all requirements for such sale pursuant to section 363 of the Bankruptcy Code have been satisfied.

8. Subject to the provisions of this Order, the Debtor has the power and authority to assume and assign the executory contracts and unexpired leases identified in the APA, and all requirements for such assumption and assignment pursuant to section 365 of the Bankruptcy Code have been satisfied and the cure amounts listed in the Assumption Motion (unless another amount has been agreed to by the Debtors, the Buyer, and the counter-parties to the executory contract or unexpired lease) shall be the cure amount necessary to be paid to the counter-parties prior to assumption.

9. It is necessary and appropriate for this Court to retain jurisdiction to, among other things, (a) interpret, implement, and enforce the terms and provisions of this order, the APA, any amendments to the APA, any waivers and consents under the APA, and each of the agreements executed in connection with the APA and (b) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Assets, and such jurisdiction is retained.

**PROPER NOTICE OF THE MOTIONS**

10. The Debtors properly provided notice, pursuant to and in accordance with the Motions, and no other or further notice is necessary or required except as provided in Paragraph 12 of the Order below.

11. The Debtors have adequately disclosed all material terms and conditions regarding the APA and the transfer of the Assets.

12. The notice provided by the Debtors was in substantial compliance with all applicable laws and all due process requirements.

13. The notice provided was reasonably calculated to apprise all interested parties of the sale of the Assets free and clear of all liens, claims, encumbrances, and other interests, except the "Assumed Liabilities" (as defined in the APA), and which defined term specifically includes the liens of "Lenders" as described in section 3(a) of the Assumption and Assignment Agreement, a true and correct copy of which was filed with the Court on February 7, 2020 at Docket No. 148.

14. As a result, notice of the Motions and a reasonable opportunity to object or be heard with respect to the foregoing has been afforded to all interested persons and entities, and the notice provided is appropriate and sufficient for all purposes, including the sale of the Assets free and clear of all liens, claims, encumbrances, and other interests, except the Assumed Liabilities.

15. The Debtor maintains that the APA does not violate nor is it inconsistent with applicable law.

16. The Buyer has represented that it did not engage in any collusion in connection with the transfer of the Assets.

17. The APA represents a fair and reasonable offer to acquire the Assets under the circumstances of this bankruptcy case.

18. The Debtors' decision to transfer the Assets to the Buyer pursuant to the APA and this Order is supported by good business reasons and sound justification based upon the Debtors' experience and the circumstances presented in this case.

**GOOD FAITH OF THE BUYER**

8383957.3

19. The Buyer is not an affiliate, subsidiary, or other insider of the Debtors.

20. The terms of the transfer of the Assets, as set forth more specifically in the APA, are fair and reasonable under the circumstances.

21. The transfer of the Assets to the Buyer in all respects complies with applicable law.

22. The Debtors and the Buyer negotiated the terms and conditions of the sale of the Assets in good faith and at arm's length.

23. The Buyer is entering into the APA and acquiring the Assets in good faith and is a good faith purchaser for value.

24. The Debtors, the Buyer and the Lenders are entering into the Assumption Agreement in good faith.

25. The Buyer will be acting in good faith in closing the transfer of the Assets pursuant to the APA after entry of this Order.

26. The Debtors, the Buyer and Lenders will be acting in good faith in closing the transactions contemplated pursuant to the Assumption Agreement after entry of this Order.

27. The Court finds that the Buyer has acted in good faith in all respects in connection with this case and in the transfer of the Assets.

28. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code.

**NO FRAUDULENT TRANSFER**

29. The credit bid of Redmont Private Debt Fund III, L.P. ("Redmont"), the assumption of the Assumed Liabilities by the Buyer (designee of Redmont), and the other

consideration provided for by the APA is fair and reasonable and constitutes reasonably equivalent value, fair saleable value, and fair value for the Assets and was not the result of collusion or any undisclosed agreement among potential bidders. The Debtors' determination that the APA constitutes the highest and best offer constitutes a valid and sound exercise of the Debtors' business judgment. Approval of the APA and the consummation of the sale contemplated thereby is in the best interests of the Debtors and their estates, their creditors, and other parties in interest.

## VALIDITY OF TRANSFER

30. The Debtors' transfer of the Assets pursuant to the APA and this Order will be a legal, valid, and effective transfer of the Assets and will indefeasibly vest the Buyer with good and valid title in and to the Assets free and clear of any liens or encumbrances subject only to those associated with the Assumed Liabilities.

31. The Debtors have full power and authority to execute and consummate the APA and all related documents and are authorized to do so, and no consents or approvals (other than those expressly provided for in the APA) are required to consummate the transactions contemplated by the APA and this Order.

32. The Debtors and the Buyer proposed, negotiated, and entered into the APA without collusion, in good faith, and from arm's length bargaining positions.

33. None of the Debtors nor the Buyer has engaged in any conduct that would cause or permit the APA or transactions contemplated by the APA to be avoided or otherwise set aside.

34. Holders of liens, claims, encumbrances, or others interests in, on, or to any of the Assets who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented to entry of this Order, pursuant to section 363(f)(2) of the Bankruptcy Code.

8383957.3

35. The transfer of the Assets to the Buyer does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtors or the Buyer and the Debtors' estates. There is not substantial continuity between the Buyer and the Debtors or the Buyer and the Debtors' estates, there is no continuity of enterprise between the Buyer and the Debtors or the Buyer and the Debtors' estates, the Buyer is not a mere continuation of the Debtors or the Debtors' estates, and the Buyer does not constitute a successor to the Debtors or the Debtors' estates.

36. Without limiting the generality of the foregoing, the Buyer shall have no successor or transferee liability of any kind or character with respect to any "claim" (as defined in the Bankruptcy Code) against the Debtors or any other liability or obligation of any kind or nature whatsoever of the Debtors, as a result of its purchase of the Assets, its operation of the locations formerly operated by the Debtors, or otherwise, except for those liabilities expressly assumed by the Buyer pursuant to the APA as "Assumed Liabilities."

37. Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the sale of the Assets to the Buyer to be avoided under section 363(n) of the Bankruptcy Code.

**BASED UPON THE FOREGOING FINDINGS AND CONCLUSIONS, IT IS HEREBY:**

1. **ORDERED** that the Motions are GRANTED as set forth in this Order; and it is further

2. **ORDERED** that, subject to the further provisions of this Order, all objections to the Motions that have not been withdrawn, waived, resolved, sustained, or settled are expressly DENIED and OVERRULED in their entirety; and it is further

3. **ORDERED** that the APA and the Assumption Agreement are approved in their entirety; and it is further

4. **ORDERED** that the Debtors are directed to transfer the Assets free and clear of all liens, claims and encumbrances except the Assumed Liabilities, in accordance with the APA and this Order; and it is further

5. **ORDERED** that the Debtors are authorized to take all actions to consummate the transfer of the Assets pursuant to and in accordance with the APA, and this Order, including transferring and conveying the Assets to the Buyer; and it is further

6. **ORDERED** that the Debtors are authorized, directed, and empowered to consummate and implement fully the APA, together with all additional instruments and documents that may be necessary or desirable to implement and consummate the transfer of the Assets in accordance with the APA and this Order; and it is further

7. **ORDERED** that the Debtors are authorized, directed, and empowered to consummate and implement fully the Assumption Agreement, together with all additional instruments and documents that may be necessary or desirable to evidence the same, including but not limited to new and/or amended loan and security documents, in accordance with the APA and this Order; and it is further

8. **ORDERED** that the Debtors are authorized to take all actions necessary or desirable for the purpose of assigning, transferring, granting, conveying, and conferring the Assets to the Buyer pursuant to the terms of the APA; and it is further

9. **ORDERED** that the Debtors are authorized to take all actions necessary or desirable for the purpose of assuming, granting, conveying, and conferring the existing liens or

encumbrances on the Assets related to the Assumed Liabilities pursuant to the terms of the Assumption Agreement; and it is further

10. **ORDERED** that any assignee of the Buyer shall have the same substantive and procedural protections of the APA and of this Order as the Buyer; and it is further

11. **ORDERED** that, time being of the essence, the Buyer is directed to use its best efforts to close the transfer of the Assets in accordance with the terms of the APA and this Order as soon as reasonably practicable; and it is further

12. **ORDERED** that the executory contracts and leases listed in the Assumption Motion, as may be amended by the Buyer from time to time prior to Closing Date upon notice to Debtors and to the counter-parties to said executory contracts and leases and pursuant to the terms of the APA, shall be deemed assumed by the Debtors and assigned to the Buyer as of the Closing Date and the cure amount listed in the Assumption Notice, unless agreed to otherwise by the Debtors, the Buyer, and the counter-parties to said executory contract and leases, shall be the amount necessary to cure any existing defaults in accordance with 11 U.S.C. §365. Until the Closing Date, the Debtors and the Buyer shall have the right to remove any lease or contract listed in the Assumption Motion as a contract or lease being assumed and assigned to the Buyer; and it is further

13. **ORDERED** that the Buyer has demonstrated adequate assurance of future performance of the contracts and leases to be assumed within the meaning of 11 U.S.C. §365; and it is further

14. **ORDERED** that, in the sole discretion of the Debtors and the Buyer, any agreements, documents, or other instruments executed in connection with the APA may be modified, amended, or supplemented by the Debtors and the Buyer, in accordance with the terms

8383957.3

of the APA, without further notice or order of this Court, <u>provided that</u> any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates or their creditors; and it is further

15. **ORDERED** that, other than the Assumed Liabilities, the transfer of the Assets to the Buyer shall be free and clear of any and all liens, encumbrances, claims, charges, defenses, offsets, recoupments, and interests on the foregoing and against the foregoing of whatever type or description, including, without limitation, any restrictions on or conditions to transfer or assignment, liens, mortgages, security interests, pledges, hypothecations, control agreements, equities and other claims and interests having arisen, existed, or accrued prior to and through the Closing Date of the subject transfer, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated, of, by, or against the Assets (collectively, the "**Liens**"); and it is further

16. **ORDERED** that, if a termination statement, instrument of satisfaction, release of lien or easement, or any other document is necessary to memorialize the release of a disclosed Lien regarding a disclosed Asset, and such release was not provided by a disclosed Lien holder, the Debtor and the Buyer each are hereby authorized to execute and file such a statement, instrument, release, or other document on behalf of any such Lien holder with respect to the disclosed Asset; and it is further

17. **ORDERED** that any person or entity that is presently, or as of the Closing Date, in possession of some or all of the Assets is hereby directed to surrender possession of and/or grant access to such Assets to the Buyer, as appropriate, upon the Closing Date; and it is further

10
8383957.3

18. **ORDERED** that the transfer of the Assets to the Buyer may not be avoided under any applicable law, because the Buyer is a good faith purchaser and is providing the Debtors' estates with reasonably equivalent value; and it is further

19. **ORDERED** that to the extent provided in the APA and available under applicable law, the Buyer shall be and hereby is authorized, as of the Closing Date, to operate under any license, permit, registration and any other governmental authorization or approval of the Debtors with respect to the Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date. To the extent any license or permit necessary for the operation of the business is determined not to be an executory contract assumable and assignable under section 365 of the Bankruptcy Code, the Buyer shall apply for and obtain any necessary license or permit promptly after the Closing Date, and such licenses or permits of the Debtors shall remain in place for the Buyer's benefit until new licenses and permits are obtained. Absent independent grounds unrelated to this bankruptcy case, no governmental unit may revoke or suspend any right, license, trademark or other permission relating to the use of the Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of these bankruptcy cases or the consummation of the sale of the Assets

20. **ORDERED** that the provisions of this Order authorizing the transfer of the Assets free and clear of any Liens shall be and are self-executing, and the Debtors and the Buyer shall not be required, but are permitted in their discretion, to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of the APA and this Order; and it is further

11
8383957.3

21. **ORDERED** that neither the purchase of the Assets nor the subsequent operation of the Assets by the Buyer shall cause the Buyer or its affiliates, successors, or assigns or their respective properties (including the Assets) to be deemed a successor in any respect of the Debtors or the Debtors' business operations within the meaning of any laws, rules, or regulations relating to any tax, revenue, pension, benefit, ERISA, environmental, labor, employment, products liability, or other law, rule, or regulation of any federal, state, or local government, except with respect to the Assumed Liabilities; and it is further

22. **ORDERED** that effective as of the Closing Date under the APA, this Order, and the documents executed in connection with and pursuant to this Order, constitute a full and complete general assignment, conveyance, and transfer of the Assets or a deed or a bill of sale transferring good and marketable title in the Assets to the Buyer as of the Closing Date, free and clear of all Liens, except for the Assumed Liabilities, and, effective as of the Closing Date under the APA, each and every federal, state, and local governmental agency or department is directed to accept this order as such an assignment, deed, or bill of sale or any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this order; and it is further

23. **ORDERED t**hat, if necessary, this Order shall be accepted for recordation on or after the Closing Date as conclusive evidence of the free and clear, unencumbered transfer of title to the Assets to the Buyer, subject only to the Assumed Liabilities; and it is further

24. **ORDERED** that subject to its fiduciary duties and available resources and the terms of the APA, the Debtors will cooperate in a commercially reasonable manner with the Buyer and the Buyer's agents and designees to effect an orderly transfer of the Assets to the Buyer; and it is further

25. **ORDERED** that this Order is effective as a determination that any and all Liens, if any, will be, and are, without further action by any person or entity, unconditionally released, discharged, and terminated with respect to the Assets except for the Assumed Liabilities; and it is further

26. **ORDERED** that this Court retains exclusive jurisdiction to (a) enforce and implement the APA and any other agreements, documents, and instruments executed in connection with the APA, (b) compel delivery of possession of the Assets (or any part of the Assets) to the Buyer, (c) resolve any disputes, controversies, or claims arising out of or relating to the APA, this order, or the sale of the Assets, and (d) interpret, implement, and enforce the provisions of this order; and it is further

27. **ORDERED** that the terms and conditions of the APA and this order will be binding in all respects upon, and will inure to the benefit of, the Debtors, the Buyer, and their respective affiliates, successors and assigns, and any affected third parties; and it is further

28. **ORDERED** that all persons who hold Liens against (a) the Debtors' estates, (b) the Debtors, (c) insiders of the Debtors, or (d) the Assets are forever estopped and permanently enjoined from asserting or prosecuting against the Buyer, or any of its respective affiliates, successors, or assigns, or any of their respective officers, directors, employees, attorneys, or advisors, any claims or causes of action asserting in any way that the sale of the Assets was improper in any way; and it is further

29. **ORDERED** that nothing contained in any plan of reorganization or plan of liquidation confirmed in the Debtors' chapter 11 case, in any order confirming such a plan, or in any other order of this Court, shall conflict with or deviate from the provisions of the APA or the

13

terms of this Order, and to the extent such provisions do conflict, then the terms of the APA or this Order, as the case may be, shall control over such conflicting plan or order; and it is further

30. **ORDERED** that, to the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the APA and this Order, the provisions contained in the APA and this order control; and it is further

31. **ORDERED** that, subject to the continued unanimous consent of the Lenders, to the extent the "Maturity Date" in either: i) the Final Order Granting in Part, and Denying in Part, the Debtors' Motion for Final Orders Authorizing the Debtors' Motion for Final Orders Authorizing the Debtors to (I) Use Cash Collateral and (II) Obtain Post-Petition Financing [Doc. No. 85]; or, ii) Second Final DIP Order Granting the Debtors' Second Motion for Interim and Final Orders Authorizing the Debtor to (I) Use Cash Collateral and (II) Obtain Post-Petition Financing [Doc. No. 87] (collectively, the "DIP Orders") references a date prior to the Closing Date, said Maturity Date as defined in the DIP Orders shall be extended until the Closing Date; and it is further

32. **ORDERED** that the reversal or modification of this Order on appeal shall not affect the validity of the sale of the Assets to the Buyer, because the Buyer acted in good faith and in accordance with the APA; and it is further

33. **ORDERED** that the authorization granted to the Debtors to close the transfer of the Assets and perform any and all requirements pursuant to and in accordance with the APA, Assumption Agreement and this Order shall not be stayed if this Order is appealed; and it is further

14
8383957.3

34. **ORDERED** that there is no just delay for the implementation of this Order and, for all purposes, this order shall be a final order with respect to the sale of the Assets and other relief granted in this Order; and it is further

35. **ORDERED** that time is of the essence and, accordingly, the fourteen (14) day stays imposed by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived with respect to this order, and this Order shall take effect immediately upon its entry.

Dated: February 14, 2020

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge